LATHAM, Appellant, v. CASEY & KING CORPORATION, Respondent.

*March 3—March 31, 1964.*

For the appellant there was a brief by *Beaudry & Kershek* and *Richard D. Kaestner,* all of Milwaukee, and oral argument by *Mr. Kaestner.*

For the respondent there was a brief by *Petrie, Stocking, Meixner & Zeisig,* attorneys, and *James L. Stocking* of counsel, all of Milwaukee, and oral argument by *James L. Stocking.*

HALLOWS, J. The appeal raises two questions: (1) Whether the trial court has the power to dismiss *sua sponte* an action on its merits upon failure of the plaintiff's attorney to appear at the pretrial conference, and (2) if the court has such power, whether it was wrong for the court to exercise it in the manner it did. The rules of civil practice of the county courts of Milwaukee county require a pretrial conference in all civil jury actions and the attendance of trial attorneys.[1] This rule, apparently adopted as a uniform requirement by Milwaukee county courts, supplements sec.

---

[1] "Rule 9.02 Pre-Trial Conferences:

"A pre-trial conference shall be held in all civil jury actions. Pre-trial conferences shall be attended by the attorneys who shall be in charge of the trial of the cases and, where appropriate, each such attorney shall furnish to the Court at the pre-trial conference the following . . . the attorneys shall have their clients available in the courtroom."

269.65, Stats., which makes a pretrial conference permissive. *Schneck v. Mutual Service Casualty Ins. Co.* (1963), 18 Wis. (2d) 566, 119 N. W. (2d) 342. It is undisputed the appellant received a notice of the pretrial conference. While this notice stated no adjournment would be allowed without the consent of the court, it contained no warning of any action by the court in the event counsel did not appear. The record does not disclose the existence of any court rule providing for sanctions or penalties for nonappearance of counsel at a pretrial.

We construe the notice of the pretrial conference in view of the court rule as an order of the court binding upon counsel. The question is the power of the court to dismiss the complaint on its merits as a penalty for the failure to comply with the order. It is considered well established that a court has the inherent power to resort to a dismissal of an action in the interest of orderly administration of justice. The general control of the judicial business before it is essential to the court if it is to function. "Every court has inherent power, exercisable in its sound discretion, consistent within the Constitution and statutes, to control disposition of causes on its docket with economy of time and effort." 14 Am. Jur., Courts, p. 371, sec. 171, Inherent Powers of Courts, 1963 Suppl., p. 77. Many times the power of dismissal is applied for noncompliance with an order relating to pleadings, such as an order to amend, to make more definite and certain, or furnish a bill of particulars. *Motowski v. People's Dentists* (1924), 183 Wis. 477, 198 N. W. 465; *Central Security Co. v. Milwaukee-Waukesha Brewing Co.* (1917), 166 Wis. 249, 164 N. W. 994. In other cases the power is exercised for noncompliance with orders in aid of discovery or inspection. Perhaps the greatest area of the exercise of the power is the failure to diligently prosecute a case. In *Smith v. Carter* (1910), 141 Wis. 181, 184, 122 N. W. 1035, this court considered the dismissal of a com-

plaint for lack of prosecution to be in the field of the court's broad discretion over the control of cases and stated, "it is the duty of the trial courts, independently of statute and under inherent powers, to discourage it [protraction of litigation] as much as possible and to refuse their aid to those who negligently or abusively fail to prosecute the actions which they commence."

Federal courts have decided a trial court has the power to dismiss an action for failure of counsel to appear at a pretrial conference. *Wisdom v. Texas Co.* (D. C. Ala. 1939), 27 Fed. Supp. 992; also *Dalrymple v. Pittsburgh Consolidated Coal Co.* (D. C. Pa. 1959), 24 F. R. D. 260 (both cases relying on Rule 41 (b), Federal Rules of Civil Procedure). In *Link v. Wabash Railroad Co.* (1962), 370 U. S. 626, 82 Sup. Ct. 1386, 8 L. Ed. (2d) 734, which involved dismissal for failure to appear at a pretrial conference coupled with a six-years' delay, the court held a trial court had the inherent power to dismiss an action for lack of prosecution and Federal Rule 41 (b) was an expression of such power.

We can, however, hardly view the instant case as one involving lack of prosecution in the traditional sense. Such situations are covered by sec. 269.25, Stats., which permits a court to dismiss without notice any action not brought to trial within five years after its commencement. Other sections deal with specific dismissals, such as sec. 274.36 if a case is not brought to trial within a year after remittitur if a new trial is ordered; sec. 270.54 for unreasonable neglect in serving the summons on defendants of a multidefendant suit or in proceeding against those served; or sec. 271.28 (3) for failure to give security for costs. *Sheldon v. Nick & Sons, Inc.* (1948), 253 Wis. 162, 33 N. W. (2d) 260. Such statutes do not exhaust the power or imply the court does not have the inherent power to fashion sanctions and penalties best calculated to aid the court in control of the judicial business before it. We conclude a trial court has

inherent power to dismiss an action for the failure of an attorney to obey an order to appear at a pretrial conference.[2]

However, we must hold the court abused its discretion in dismissing the complaint on its merits and rendering judgment on the counterclaim without notice and hearing. The penalty of dismissal on its merits for counsel's sin of omission is too great a burden to visit upon the plaintiff. *A fortiori* the granting of the judgment on a contested counterclaim is utterly unjustified. Unlike the Federal Rules of Civil Procedure, the rules of the county court of Milwaukee county do not provide sanctions and give no notice to attorneys of any penalties or consequences for failure of obedience. Likewise, the notice of the pretrial conference contained no warning of any penalty.

The trial court relied on *Link v. Wabash Railroad Co., supra,* but the case does not support the court's action because the case expressly did not decide (p. 634), "whether unexplained absence from a pretrial conference would *alone* justify a dismissal with prejudice if the record showed no other evidence of dilatoriness on the part of the plaintiff." The present action was three months old and the record shows only an unexplained absence at the pretrial conference.

The due-process clause of the Fourteenth amendment requires at least a fair and adequate warning by court rule or notice of the imposition of the sanctions or penalties to be invoked for the failure to comply with a court order. Lacking such forewarning, a hearing should be had on the imposition of a penalty. It cannot be said no notice was necessary because plaintiff's counsel should have had knowledge of the consequences of his conduct under the circumstances. Such knowledge at most would be of a contempt of court, not the dismissal of an action on its merits and the granting of a judgment on a counterclaim.

---

[2] See Anno. Dismissal of action for failure or refusal of plaintiff to obey court order, 4 A. L. R. (2d) 348.

If the court rules provide for dismissal of an action on its merits or the notice of the pretrial conference gives fair notice of such penalty and a dismissal of a complaint is entered without a hearing, a party may apply for relief for his mistake, inadvertence, surprise, or excusable neglect under sec. 269.46 (1), Stats. Here, this escape hatch was used unsuccessfully, but we do not pass upon the merits of that ruling as it is not now before us.

The lack of uniformity in the use of the pretrial conference in this state and in the manner of conducting pretrials in those courts using the technique has no doubt led to some confusion among the members of the trial bar concerning the importance of a pretrial conference. Well-conducted pretrials following the procedure of sec. 269.65 (1) and requiring trial counsel to be prepared at such conference under reasonable sanctions are to be encouraged in the interest of expediting the trial of cases. We note the county court rules require the clients to be available in the courtroom at pretrials. This requirement leads us to infer the pretrial contemplated is more in the nature of a conciliation or a conference to discuss settlement than a pretrial under sec. 269.65 (1). However, in either case it is not too much to require the court rules on the subject to include the probable sanctions or to include such warning in the notice of the pretrial conference.

*By the Court.*—Judgment is reversed, and remanded for further proceedings not inconsistent with this opinion.