## Scott W. RUPERT, Plaintiff-Appellant,

### v.

## HOME MUTUAL INSURANCE COMPANY and Catherine A. Pire, Defendants-Respondents.

Court of Appeals

*No. 85–2371. Submitted on briefs September 11, 1986.—Decided March 3, 1987.*

(Also reported in 405 N.W.2d 661.)

1

For the plaintiff-appellant, there were joint briefs by *Ralph W. Koopman* of Eagle River, and *Thomas N. Akey* of Minocqua.

For the defendants-respondents, there was a brief by *John E. Bliss* of *Tinkham, Smith, Bliss, Patterson, Richards & Hessert* of Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Scott Rupert appeals an order dismissing his action against Home Mutual Insurance Company and Catherine Pire. The trial court dismissed the complaint because it concluded that Rupert had failed to diligently prosecute the action. Rupert argues that the dismissal violated his due process rights because he had no warning of what conduct constituted failure to prosecute an action. While we agree that the dismissal for failure to diligently prosecute violates due process under the facts of this case, we determine that the trial court has discretionary power to dismiss for failure to respond to interrogatories in a timely fashion. We conclude that the propriety of the exercise of such discretion, however, depends on further factual findings. Accordingly, we reverse and remand for further proceedings.

4

Rupert filed suit against Pire on July 30, 1984, claiming damages caused by a collision between the motorcycle he was riding and the car she was driving. Rupert also named Home Mutual, Pire's insurer, as a defendant. Home Mutual filed an answer on August 9, 1984. Rupert filed a request for production of documents on August 13, 1984. The next day, Home Mutual noticed Rupert's deposition. Home Mutual complied with Rupert's request for production of documents on August 20, 1984. On or about the same day, Home Mutual served a set of written interrogatories on Rupert.

The trial court's case file reflected no further activity. Consequently, about a year later, on August 22, 1985, the trial court filed a "Notice of Intent to Dismiss," informing Rupert that unless he showed cause as to why his action should not be dismissed for failure to diligently prosecute, it would be dismissed.

The trial court scheduled a show cause hearing for November 11, 1985. On November 4, 1985, more than fourteen months after the interrogatories had been served, Rupert filed a set of responses to Home Mutual's interrogatories.

The November 11 hearing revealed that the parties' attorneys had corresponded several times after Rupert filed suit. The correspondence reflected Home Mutual's efforts to obtain responses to its interrogatories. Over the course of nearly a year, Home Mutual's attorney postponed Rupert's deposition pending his response to the interrogatories, made several requests for the responses, agreed to one thirty-day extension, and threatened to move the court to compel responses or dismiss Rupert's action. Despite Home Mutual's threat, it took no action to involve the court in the discovery problem. Although

Rupert's attorney claimed at one time to have a rough draft of the responses, nothing more happened in the suit until the trial court independently filed its notice of intent to dismiss.

The court heard evidence of the correspondence but declined to hear testimony bearing on possible excuses for Rupert's failure to promptly answer the interrogatories. The trial court stated, "I feel the record is sufficient to justify the court in dismissing this without any further testimony." In making its ruling of dismissal at the hearing, the court declared:

> I think a dismissal of the action is justified. I think ... it's possible to dismiss this under the Statute, 805.03, or by inherent power of the court, for failure to prosecute.[1]

Likewise, the court's written order of dismissal stated that "the plaintiff's Complaint should be dismissed on its merits because it had not been diligently pursued ...." Nowhere in its order or in the transcript of the formal hearing did the court explicitly rely on its discretionary power under sec. 804.12(4), Stats., to dismiss for failure to respond to written interrogatories within the required thirty days.

---

[1]Section 805.03, Stats., provides in part:

**Failure to prosecute or comply with procedure statutes.** For failure of any claimant to prosecute or for failure of any party to comply with the statutes governing procedure in civil actions or to obey any order of court, the court in which the action is pending may make such orders in regard to the failure as are just, including but not limited to orders authorized under s. 804.12(2)(a). Any dismissal under this section operates as an adjudication on the merits unless the court in its order for dismissal otherwise specifies for good cause shown recited in the order ....

Rupert argues that the trial court erred by dismissing his action under sec. 805.03, Stats., or under the trial court's inherent authority, for failure to prosecute. Rupert contends that without fair warning of what conduct constitutes failure to prosecute, the dismissal violated his right to due process. We agree that a dismissal premised solely on failure to prosecute, under the facts of this case, violates due process.

We recognize the trial court's inherent discretionary power to control its docket with economy of time and effort. *Latham v. Casey & King Corp.*, 23 Wis. 2d 311, 314, 127 N.W.2d 225, 226 (1964). We recognize further the trial court's duty, under its inherent power, to discourage protraction of litigation and to refuse its aid to those who negligently or abusively fail to prosecute the actions they commence. *Id.* at 315, 127 N.W.2d at 227. However, due process must guide the trial court's discretionary power to dismiss. The question then is not the existence of the court's power, but the propriety of dismissing where the law provides no boundaries for "failure to prosecute."

Where a party lacks actual notice of the conduct required to diligently prosecute an action, fundamental fairness and due process require that notice be given informing the party of the implications of his or her conduct. *Neylan v. Vorwald,* 124 Wis. 2d 85, 90, 368 N.W.2d 648, 651–52 (1985). In *Neylan,* the trial court dismissed without notice an apparently inactive three-year-old action. At a hearing on the motion to set aside the dismissal, the parties presented evidence showing that although the court's records showed no activity, the parties had pursued settlement through

7

telephonic and written negotiations. Nonetheless, because of the lack of file activity, the trial court concluded that the action had not been diligently pursued. *Id.* at 88–89, 368 N.W.2d at 651.

The supreme court in *Neylan* upheld the court of appeals' reversal of the trial court, holding that sec. 805.03 failed to provide litigants with constructive knowledge of the "outside time limits" a court will consider to constitute failure to prosecute. *Neylan,* 124 Wis. 2d at 92–93, 368 N.W.2d at 653. The supreme court noted that the predecessor to sec. 805.03 had provided a five-year limit for bringing a case to trial. Section 269.25, Stats. (1963). But because sec. 805.03 failed to provide a definite time frame for pursuing an action, the court warned that, "what a judge feels to be a failure to prosecute a case will depend on the individual judge's thinking, the court's calendar, and rate of case intake and disposition." *Neylan,* 124 Wis. 2d at 93, 368 N.W.2d at 653. The instant case justifies the *Neylan* court's warning. Here the court unilaterally defined failure to prosecute as one year's inactivity. Rupert had no basis, either in statutory or case law, to anticipate the trial court's definition of "failure to prosecute."

Our supreme court has held that due process requires at least a fair and adequate warning by court rule or notice of penalties to be invoked for disobeying a court order. *Latham,* 23 Wis. 2d at 316, 127 N.W.2d at 228. In *Latham,* a Milwaukee County Circuit Court dismissed an action *sua sponte* because a party's attorney had failed to attend a pretrial conference. *Id.* at 313–14, 127 N.W.2d at 226. At the time, the statute governing pretrial practice made pretrial hearings permissive. Section 269.65, Stats. (1963). However, a

Milwaukee County Circuit Court rule supplementing sec. 269.65 required attorney attendance at mandatory pretrial conferences for all civil jury actions. While the *Latham* appellant received notice of the pretrial conference, the notice contained no warning of any penalties in the event counsel did not appear. *Id.* at 314, 127 N.W.2d at 226. *Latham* held that the court's dismissal without notice or hearing on the imposition of a penalty violated due process. *Id.* at 316, 127 N.W.2d at 228.

The *Latham* court's determination that a hearing would have satisfied due process does not apply to the facts before us. In *Latham,* the parties knew of the court-ordered pretrial conference. A resulting hearing would have required the disobedient party to excuse its knowing failure to obey a court order. In contrast, the hearing in this case required Rupert to excuse his violation of an unknown standard of conduct. Such a hearing falls short of affording due process.

While sec. 805.03 fails to define the outside limits of "failure to prosecute," the statute governing calendar practice provides a basis for the trial court to create these limits. Section 802.10(2), Stats., provides:

> Unless excepted under sub. (1), all actions and special proceedings are deemed ready for trial one year after the summons and complaint are filed. Within 60 days after the expiration of one year, the court *shall* by order set dates for a pretrial conference and for trial. [Emphasis added.]

By setting pretrial conference and trial dates, the court defines diligent prosecution of an action.[2] After

---

[2]If these dates are impracticable, a party may show cause to

one year has passed, a plaintiff may reasonably assume that the court will set these dates within sixty days. It is unreasonable that a plaintiff, anticipating receiving pretrial conference and trial dates, should instead receive a notice of intent to dismiss. Here, rather than setting the required dates, and thus providing the plaintiff with an outside limit of conduct expected for diligently pursuing its action, the trial court moved to dismiss the one-year-old suit.

■  The dissent suggests that by deeming an action "ready for trial one year after the summons and complaint are filed," sec. 802.10(2) implies that the trial court has discretion to dismiss if a plaintiff cannot show that it has diligently pursued the action within that year. We think this argument demands too much of the statutory language. Section 802.10(2) is silent as to the effect of "deeming" an action ready for trial. We read sub. (2) merely to place a duty on the trial court to set dates, within a specified period, for the pretrial conference and trial. "Deeming" an action ready for trial simply gives voice to a legislative presumption that after one year an action should have progressed to the point where the court can intelligently exercise its duty to set the required dates. Here, the record shows no attempt to set the required dates, nor does the record show that Rupert would have been unprepared for a pretrial conference or trial. We cannot agree that a statute governing trial court calendar practice imputes to the trial court the power

amend the order. Section 802.10(2), Stats. Once the court sets a pretrial conference date, sec. 802.11, Stats., defines required conduct as well as potential sanctions, including dismissal.

to impose the severe penalty of dismissal only one year after an action's commencement.

Moreover, sec. 802.10(2) is silent as to any consequences if an action is not ready for trial within one year. In contrast, sec. 802.10(3)(d), governing scheduling conferences, specifically makes violation of scheduling orders subject to penalties under sec. 805.03, Stats. We find significant the absence of a similar provision in sub. (2).

We must view a statutory section in its entirety. *Omernik v. State,* 64 Wis. 2d 6, 12, 218 N.W.2d 734, 738 (1974). Where a comprehensive statute specifically grants a power in one section and is silent with respect to that power in another, we must assume a legislative intent to exclude the exercise of power under the latter section. *See State ex rel. Harris v. Larson,* 64 Wis. 2d 521, 527, 219 N.W.2d 335, 339 (1974). The legislature's silence in sub. (2) reveals an intent to exclude sec. 805.03 penalties from sec. 802.10(2). Section 802.10(2), "deeming" an action ready for trial one year from filing, does not satisfy the fair and adequate warning required by due process.

We are not suggesting that a litigant may sit idly by for the first year of a lawsuit awaiting pretrial conferences and trial dates. Rather, we hold that before imposing a sanction as drastic as dismissal, advanced notice is required. The federal rule empowering trial courts to dismiss for failure to prosecute has been construed to require the court to explore less drastic alternatives prior to dismissal. *See* 24 Am. Jur. 2d *Dismissal* sec. 49 (1983).[3] Several alternatives are

[3]We view federal decisions on dismissal for failure to prosecute as persuasive authority because sec. 805.03 is based on Fed. R.

available to the trial court to accomplish the goal of diligent prosecution of claims. For example, sec. 802.10(3) permits the court to call a scheduling conference within ninety days of an action's commencement. Further, even absent a preliminary conference, courts are able to advise each litigant at the time a lawsuit is filed of any local rules and penalties.

However, although neither the trial court nor sec. 805.03 provided Rupert with sufficient constructive or actual notice of the conduct required to avoid dismissal for failure to prosecute, it remains that Rupert took more than fourteen months to respond to a set of written interrogatories. Our holding that a dismissal for failure to prosecute within one year of filing requires advance actual or constructive notice of applicable standards does not imply that a court is powerless to impose penalties for a party's delay in responding to discovery requests. A trial court has the discretionary power to dismiss for failure to answer interrogatories in a timely fashion. Section 804.12(4), Stats. Because such an exercise of discretion requires a finding of egregious conduct, however, we remand for findings on Rupert's failure to promptly respond to the interrogatories.

Section 804.08(1)(b), Stats., provides in part:

> The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories .... The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under s.

Civ. P. 41(b). *See Neylan,* 124 Wis. 2d at 95, 99, 368 N.W.2d at 654, 656.

804.12(1) with respect to any objection to or other failure to answer an interrogatory.

Section 804.12(4), Stats., provides in part:

> If a party ... fails ... to serve answers or objections to interrogatories submitted under s. 804.08, after proper service of the interrogatories, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others, it may take any action authorized under sub. (2)(a)1, 2 and 3.

The actions authorized include dismissal under sec. 804.12(2)(a)3, Stats.

Because the statutes provide constructive notice that failure to answer interrogatories within thirty days may result in dismissal under sec. 804.12(4), we conclude that due process does not require advance notice of penalties to the parties. However, a dismissal on these grounds must also represent a proper exercise of discretion. In this case, the trial court did not make the findings necessary to an exercise of discretion.

Dismissal is a drastic penalty that should only be imposed in cases of egregious conduct by a party. *Trispel v. Haefer,* 89 Wis. 2d 725, 732, 279 N.W.2d 242, 245 (1979). In *Trispel,* our supreme court upheld a dismissal after a party failed to obey a pretrial discovery order. Although the order itself warned of dismissal as a possible sanction, *Trispel* held that sec. 805.03 also contained sufficient notice of the action a court may take after a party's failure to comply with pretrial orders. *Id.* at 736, 279 N.W.2d at 247.

Likewise, this court upheld a dismissal for failure to comply with a pretrial discovery order in *Englewood Community Apartments Limited Partnership v. Alexander Grant & Co.,* 119 Wis. 2d 34, 39–40, 349 N.W.2d 716, 718–19 (Ct. App. 1984). In *Englewood,* we noted that the trial court held a hearing on the dismissal and made explicit findings that the party's conduct had been "dilatory," had displayed a "pattern of abuse," and had reflected a "cavalier approach." After hearing the party's excuses for its conduct, the court found the conduct unjustified. We noted that although the trial court had not made a finding of "bad faith," as such, bad faith was implicit in its findings. We held that a finding of bad faith was necessary for invoking the penalty of dismissal. *Id.* at 39 n. 3, 349 N.W.2d at 719 n. 3.

Here, we cannot conclude that the trial court found, implicitly or otherwise, that Rupert's conduct had been egregious. Apparently, because it mistakenly believed its authority arose from statutory or inherent power to dismiss for failure to prosecute, the trial court declined to hear testimony on circumstances allegedly preventing Rupert from promptly replying to the interrogatories. The term "discretion" contemplates a reasoning process that depends on facts in the record or reasonably derived from the record, and yields a conclusion based on logic and proper legal standards. *Shuput v. Lauer,* 109 Wis. 2d 164, 177–78, 325 N.W.2d 321, 328 (1982). In order to properly exercise its discretion, the trial court must make an explicit finding regarding Rupert's conduct based on the record and proper legal standards.

Thus, the trial court must consider whether Rupert can demonstrate "clear and justifiable excuse" for the delay. *Taylor v. State Highway Comm'n,* 45 Wis. 2d 490, 494–95, 173 N.W.2d 707, 711 (1970). Moreover, we note that cases dealing with discretionary dismissals mention a number of other standards to be considered in weighing the blameworthiness of a party's conduct. These factors include to what extent a party has been prejudiced by another's failure to respond to discovery requests, to what extent another party has acquiesced in the discovery delays, whether another party has moved to compel discovery or to dismiss for failure to prosecute, and whether the case involves disobedience of a court order. *See Neylan v. Vorwald,* 121 Wis. 2d 481, 491–92, 360 N.W.2d 537, 541–42 (Ct. App. 1984), *aff'd,* 124 Wis. 2d 85, 368 N.W.2d 648 (1985).

We therefore reverse and remand the cause for findings of whether Rupert's dilatory conduct justified a discretionary dismissal under sec. 804.12(4).

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.

MYSE, J. *(dissenting).* I dissent from that portion of the majority opinion holding that the dismissal for failing to prosecute was violative of Rupert's due process rights. Section 805.03 provides sanctions for failing to prosecute a claim. Among the sanctions is dismissal of the action. The question in this case is whether the court abused its discretion by ordering dismissal based upon its finding that Rupert had failed to prosecute his claim during the sixteen

months that elapsed from the filing of the action to the date the court ordered the action dismissed.

The majority opinion does not discuss the court's exercise of its discretion in determining whether dismissal was appropriate under the facts of this case. Rather, the majority concludes that the order of dismissal violated Rupert's due process rights because he was not warned in advance that failure to prosecute his claim could result in dismissal. This holding is made in the face of sec. 805.03, which specifically provides for dismissal for failing to prosecute, and sec. 802.10, Stats., which states that all proceedings are deemed ready for trial one year after a summons and complaint are filed.

The majority acknowledges that a dismissal for lack of diligent prosecution is recognized in both statutory and case law. The majority requires, however, that lack of diligence be defined in advance to conform with due process requirements. There is no objective measure as to what constitutes a basis for dismissing a claim for failing to diligently prosecute any more than there is an objective measure as to what showing is sufficient to avoid a sanction for the failure of diligence. Each must be determined on an individual case basis and cannot be reduced to mechanical formulas that are applicable to all cases that can be published in advance.

It is well recognized that a trial court has inherent power to dismiss a case for failing to prosecute. In the case cited by the majority, *Neylan,* 124 Wis. 2d at 94, 368 N.W.2d at 653 (quoting *Latham,* 23 Wis. 2d at 314, 127 N.W.2d at 226), the court noted:

> It is considered well established that a court has the inherent power to resort to a dismissal of an

action in the interest of orderly administration of justice. The general control of the judicial business before it is essential to the court if it is to function. "Every court has inherent power, exercisable in its sound discretion, consistent within the Constitution and statutes, to control disposition of causes on its docket with economy of time and effort."

The majority relies upon *Latham* and *Neylan* in support of its holding. Such reliance is misplaced. These cases deal with notice as a requirement of due process and mandate that an affected party be given notice and an opportunity to show cause as to why the court should not dismiss a case. The majority's conclusion that notice of possible consequences must be given in advance is nowhere to be found in the cases cited nor anywhere else in the laws of Wisconsin.

Indeed, the majority's decision appears to hold that, in the absence of a scheduling order, every litigant is entitled to do nothing for one year and sixty days under sec. 802.10(2). The court is then to schedule a pretrial conference at which time the court must deal with a litigant's failure to diligently prosecute his claim. I point out that the pretrial conference is designed to review the issues in controversy, reach stipulations so as to narrow the issues, review the legal questions that will be raised during trial, and attempt conciliation between the parties. Such efforts are impossible if, at the time the pretrial conference is held, the litigants have done nothing to prepare for trial.

Trial courts have been charged with the duty to expedite the trial of cases. *See Trispel,* 89 Wis. 2d at 733–34, 279 N.W.2d at 245–46. The majority has wrested from the hands of the trial bench an important tool in the discharge of its obligation to supervise

its calendars so as to ensure prompt disposition of pending litigation.

The record discloses that Rupert did essentially nothing to advance his claim during a sixteen-month period. At the hearing held by the court as to why the matter should not be dismissed, Rupert offered no explanation for his failure to prosecute. In light of these facts, the trial court cannot be said to have abused its discretion by ordering dismissal.

For the above reasons, I conclude that a trial court has the power to dismiss for failure to diligently prosecute a claim and that in so determining, the matter is left to the trial court's sound discretion and judgment. Here, the trial court did not abuse its discretion by directing dismissal.