Raymond P. SCHNEIDER, Plaintiff-Appellant,

v.

Jim RUCH alias, Defendant-Respondent.

Court of Appeals

*No. 88–0585. Submitted on briefs August 4, 1988.—Decided September 29, 1988.*

(Also reported in 431 N.W.2d 756.)

For the plaintiff-appellant the cause was submitted on the brief of *James J. Caldwell,* of Waukesha.

For the defendant-respondent the cause was submitted on the brief of *Ronald E. Laitsch,* of Watertown.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. Raymond Schneider appeals from a judgment entered against him under sec. 802.11(5), Stats., when he failed to appear at a scheduled pretrial conference. Schneider claims that his conduct was not

egregious and that the trial court abused its discretion in granting Ruch's motion to dismiss Schneider's complaint and for a default judgment on Ruch's counterclaim. We agree and reverse the judgment.

## I.

## BACKGROUND

Schneider began this action against Jim Ruch for wrongful conversion of Schneider's automobile. Ruch counterclaimed for charges he incurred in repairing and remodeling the automobile. A scheduling conference was held August 7, 1987. Counsel for both parties attended. The court set a scheduling order to which the parties agreed. The order scheduled a pretrial conference for November 11, 1987.

Schneider and his attorney failed to appear on November 11. Ruch moved to dismiss Schneider's complaint and for judgment on his counterclaim. The court granted judgment on his motion.

Schneider moved to have the judgment vacated. In an affidavit in support of Schneider's motion, his attorney stated that he mistakenly believed he had recorded the pretrial conference on his calendar when, in fact, he had not. He stated at the hearing on the motion that Schneider telephoned and asked whether there was something scheduled for November 11. He checked his calendar and told Schneider that nothing was scheduled. The court found that such actions were carelessness and not inadvertence, mistake or excusable neglect. It denied the motion to vacate, and entered the judgment.

## II.

## STANDARD OF REVIEW

We review the trial court's grant of Ruch's motion for abuse of discretion. *See Gaertner v. 880 Corp.,* 131 Wis. 2d 492, 497, 389 N.W.2d 59, 61 (Ct. App. 1986) (trial court had statutory authority, exercisable in its sound discretion, to render a default judgment against 880 for failure to appear at a scheduling conference).

In this case, sec. 802.11(5), Stats., gives the trial judge the power, "in his sound discretion" to impose sanctions, including the sanction of dismissal or entry of a default judgment, if no appearance is made on behalf of a party at a pretrial conference. We will sustain the trial court's grant of judgment against Schneider if the trial court completely exercised its discretion, the facts support its decision and we find that it applied the correct legal standard. *Oostburg Bank v. United Savings,* 130 Wis. 2d 4, 11–12, 386 N.W.2d 53, 57 (1986).

## III.

## EXERCISE OF DISCRETION

Abuse of discretion does not necessarily mean "ulterior motive, arbitrary conduct, or willful disregard of the rights of a litigant ...." *Endeavor-Oxford Union F. H. S. Dist. v. Walters,* 270 Wis. 561, 569, 72 N.W.2d 535, 539 (1955). A trial court abuses its discretion if it fails to apply the principles of law applicable to a situation. *Meier v. Purdun,* 70 Wis. 2d

1100, 1106 n. 16, 236 N.W.2d 262, 265 (1975). We conclude that the trial court failed to apply the correct principles of law when it granted Ruch's motion under sec. 802.11(5)(c), Stats., without finding that Schneider or his counsel acted egregiously or in bad faith.

Section 802.11(5), Stats., provides:

> If without just excuse or because of failure to give reasonable attention to the matter, no appearance is made on behalf of a party at a pretrial conference, or if an attorney is grossly unprepared to participate in the conference, the judge may, in his sound discretion:
>
> (a) Reschedule the conference and order the payment by the delinquent attorney or, when just, by the party the attorney represents of the reasonable expenses, including reasonable attorney's fees, to the aggrieved party;
>
> (b) Conduct the conference and enter the pretrial order without participation by the delinquent attorney;
>
> (c) Order dismissal or entry of a default judgment.

This is our first opportunity to consider the circumstances under which a trial court may dismiss a complaint or enter a default judgment under sec. 802.11(5)(c), Stats., as a sanction for a party's nonappearance at a pretrial conference.

Section 802.11(5), Stats., was created as sec. 802.10(2)(e) by supreme court order as part of the Wisconsin Rules of Civil Procedure, 67 Wis. 2d 585, 637 (1976). Section 802.10(2)(e) was renumbered sec. 802.11(5) by supreme court order, 82 Wis. 2d ix, xiii (1978). It is substantially the same as Fed. R. Civ. P. 16 and former sec. 269.65, Stats. Clausen and Lowe, *The*

*New Wisconsin Rules of Civil Procedure Chapters 801–803,* 59 Marq. L. Rev. 1, 68 (1976). Rule 16(f) incorporates portions of Fed. R. Civ. P. 37(b)(2), which prescribes sanctions for failing to make discovery. In construing a Wisconsin rule of civil procedure which has a federal counterpart, we consider as persuasive authority federal decisions construing the federal rule, if those decisions show a pattern of construction. *Carlson Heating, Inc. v. Onchuck,* 104 Wis. 2d 175, 179 n. 2, 311 N.W.2d 673, 675–76 (Ct. App. 1981).

The federal decisions construing Fed. R. Civ. P. 16 and 37(b)(2) show a pattern of construction that the extreme sanction of dismissal or default judgment may not be imposed for mere nonappearance, in the absence of a showing of bad faith or egregious conduct. *Adolph Coors Co. v. Movement Against Racism,* 777 F.2d 1538, 1542 (11th Cir. 1985) ("[T]he decision to enter a default judgment ought to be the last resort—ordered only if noncompliance is due to willful or bad faith disregard of court orders."); *United States v. DeFrantz,* 708 F.2d 310, 311 (7th Cir. 1983) (default judgment as a sanction is proper only if nonappearance for discovery is willful); *Hindmon v. National-Ben Franklin Life Ins. Corp.,* 677 F.2d 617, 620 (7th Cir. 1982) (entry of a dismissal or default judgment under Rule 37 requires a showing of willfulness, bad faith or fault); *Nat. Hockey League v. Metro. Hockey Club,* 427 U.S. 639, 643, *reh'g denied,* 429 U.S. 874 (1976) (district court did not abuse its discretion in imposing extreme sanction of dismissal because of respondents' "flagrant bad faith" and their counsel's "callous disregard" of their responsibilities).

Prior to the adoption of the new rules of civil procedure, the Wisconsin Supreme Court decided

*Latham v. Casey & King Corp.,* 23 Wis. 2d 311, 127 N.W.2d 225 (1964). Upon counsel's failure to appear at a pretrial conference, the trial court dismissed the complaint and granting the defendant judgment on its counterclaim. A motion under what is now sec. 806.07, Stats., to vacate the judgment was denied. There was no statute or court rule providing for a sanction or penalty for nonappearance at a pretrial conference. The court concluded that the trial court had inherent power to dismiss an action for failure of an attorney to appear at a pretrial conference, *id.* at 314, 127 N.W.2d at 226, but that the court abused its discretion because, "The penalty of dismissal on its merits for counsel's sin of omission is too great a burden to visit upon the plaintiff." *Id.* at 316, 127 N.W.2d at 227. We conclude that this statement continues to carry precedential weight although sec. 802.11(5), Stats., specifically authorizes the trial court to impose the sanction of dismissal or default judgment for failure of a party to appear at a pretrial conference. In the absence of a showing of a party's bad faith or egregious conduct, or of egregious conduct of counsel which may be fairly imputed to a party, *Charolais Breeding Ranches v. Wiegel,* 92 Wis. 2d 498, 514, 285 N.W.2d 720, 727 (1979), the penalty of dismissal and entry of default judgment under sec. 802.11(5)(c), Stats., for counsel's sin of omission is too great a burden to visit upon a party.

 Under other statutes empowering the trial court to impose sanctions for failure to comply with court orders, failure to prosecute, and failure to make discovery, the Wisconsin Supreme Court and the court of appeals have said that dismissal is a drastic penalty that should be imposed only in cases of egregious

conduct by a party. *Trispel v. Haefer,* 89 Wis. 2d 725, 732, 279 N.W.2d 242, 245 (1979) (failure to obey a pretrial discovery order); *Rupert v. Home Mut. Ins. Co.,* 138 Wis. 2d 1, 12, 405 N.W.2d 661, 665-66 (Ct. App. 1987) (failure to diligently prosecute an action); *Englewood Apartments Partnership v. Grant & Co.,* 119 Wis. 2d 34, 39-40, 349 N.W.2d 716, 718-19 (Ct. App. 1984) (failure to comply with a pretrial discovery order); *Gaertner,* 131 Wis. 2d at 501, 389 N.W.2d at 63 (failure to appear at a scheduling conference). Our construction of sec. 802.11(5)(c), Stats., is in accord with these decisions. We conclude that the trial court abused its discretion in dismissing Schneider's complaint and entering a default judgment against him without finding that he or his counsel acted egregiously or in bad faith.

*By the Court.*—Judgment reversed.