IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 0365-03




 

EMMIT BRAGER, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


 WALKER COUNTY






 Hervey, J., delivered the opinion of the Court in which Meyers, and
Keasler, JJ., joined. Keller, PJ., and Womack, J., concurred. Johnson, J., filed a
dissenting opinion in which Price, Holcomb and Cochran, JJ., joined.


O P I N I O N 




 In this case, we decide that the Court of Appeals did not abuse its discretion to exercise its inherent
power to dismiss appellant's appeal for "want of prosecution" and for his bad-faith abuse of the judicial
process. We set out verbatim the facts from the opinion of the Court of Appeals.

 Emmitt [sic] Brager has filed an appeal from his conviction by a jury for aggravated assault
with a deadly weapon and possession of a deadly weapon in a penal institution. The
clerk's record was filed in this case on December 27, 2001, and the reporter's record was
filed on April 8, 2002. Brager is representing himself in his appeal.


 Brager has devoted an enormous amount of effort in this appeal to addressing peripheral
matters. His brief was originally due on May 8, 2002. Instead of preparing a brief, Brager
attempted to show this Court through multiple motions that both records were incomplete
or inaccurate. We abated the appeal to the trial court for a hearing. The trial court
conducted an evidentiary hearing, at which Brager was present, and concluded, based on
the evidence, that the clerk's and reporter's records were both complete and accurate.


 During this time period, Brager also filed a series of motions, which were overruled,
seeking to recuse all of the justices on this Court. His petition asking the Texas Court of
Criminal Appeals to review those orders was dismissed.


 Brager also filed a series of motions with this Court requesting more time to file his
appellate brief and asking us to order the penal institution in which he is incarcerated to
deliver to him all of his legal records so that he could prepare his brief. Prison officials
informed this Court that Brager had multiple duffle bags full of documents. The penal
institution requires prisoners to follow certain procedures in obtaining documents and sets
certain limitations on the quantity of paper materials an inmate can access at one time. The
institution informed this Court that Brager had refused to avail himself of that avenue and
that he had effectively taken an "all or nothing" position and demanded access to all his
documents at once. Failing that, he refused to accept any of them.


 Brager then came before this Court asking us to order the prison to provide all of the
documents at once. We declined to do so. Brager continues to file motions to extend time
to file his appellate brief in which he asks for extensions of thirty days from the date on
which all of his documents are finally delivered to him. We have denied those motions and
reminded him of the date his brief was due.


 In our last order in this case, we ordered Brager to file his brief no later than December 9,
2002. The original due date for Brager's brief was over eight months ago, and it has been
over four months since Brager's last contention about the completeness of the record was
finally resolved. Brager has had every opportunity to pursue this appeal but has not done
so.


 Accordingly, we dismiss this appeal, under our inherent authority, for want of prosecution. 
(Citations omitted).

 

Brager v. State, No. 06-01-00131-CR slip op. at 2-3 (Tex.App.-Texarkana, delivered February 11,
2003) (not designated for publication). (1)

 We exercised our discretionary authority to review this decision. The sole ground upon which we
granted discretionary review states:

 The 6th Court of Appeals erred and deprived petitioner of his right under the 14th
Amendment due process of law clause of the U.S. Constitution, by dismissing the direct
appeal of the instant case for want of prosecution.


 Article V, § 6, Tex. Const., creates, and sets out the jurisdiction of, the courts of appeals. Article
V, § 6(a), states:

 The state shall be divided into courts of appeals districts, with each district having a Chief
Justice, two or more other Justices, and such other officials as may be provided by law. 
The Justices shall have the qualifications prescribed for Justices of the Supreme Court. 
The Court of Appeals may sit in sections as authorized by law. The concurrence of a
majority of the judges sitting in a section is necessary to decide a case. Said Court of
Appeals shall have appellate jurisdiction co-extensive with the limits of their respective
districts, which shall extend to all cases of which the District Courts or County Courts have
original or appellate jurisdiction, under such restrictions and regulations as may be
prescribed by law. Provided, that the decision of said courts shall be conclusive on all
questions of fact brought before them on appeal or error. Said courts shall have such other
jurisdiction, original or appellate, as may be prescribed by law.


 It is well established that "[e]very court has inherent power, exercisable in its sound discretion,
consistent within the constitution and statutes, to control disposition of causes on its docket with economy
of time and effort." Latham v. Casey & King Corporation, 127 N.W.2d 225, 226 (Wis. 1964) quoting
14 Am.Jur., § 171, Inherent Powers of Courts, 1963, pocket ed. p. 77; see Chambers v. Nasco, Inc.,
501 U.S. 32, 35, 43-51 (1991) (exploring the scope of the inherent power of a federal court to sanction
a litigant for bad-faith conduct); Kutch v. Del Mar College, 831 S.W.2d 506, 510 (Tex.App.-Corpus
Christi 1992, no writ). This inherent judicial power "is not derived from legislative grant or specific
constitutional provision, but from the very fact that the court has been created and charged by the
constitution with certain duties and responsibilities." See State v. Johnson, 821 S.W.2d 609, 612
(Tex.Cr.App. 1991) quoting and relying on Eichelberger v. Eichelberger, 582 S.W.2d 395, 398-400
(Tex. 1979). A court's broad range of inherent powers are those "which it may call upon to aid in the
exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and
integrity." See Johnson, 821 S.W.2d at 612; Eichelberger, 582 S.W.2d at 398. This includes the power
to impose sanctions for a litigant's misconduct other than those sanctions authorized by procedural rules
which punish the same conduct. See Chambers, 501 U.S. at 49.

 A court's inherent power to dismiss a party's cause of action is usually reserved for those situations
in which a party has failed to prosecute his action or in which a party has engaged in serious misconduct
such as bad-faith abuse of the judicial process. See Chambers, 501 U.S. at 46-50; Kutch, 831 S.W.2d
at 510-11 (inherent power to punish exists to extent necessary to deter, alleviate, and counteract bad-faith
abuse of the judicial process such as any significant interference with the traditional core functions of Texas
courts). (2) The "absence of notice as to the possibility of dismissal or the failure to hold an adversary
hearing" do not necessarily render such a dismissal void particularly where the offending party should have
known of the possible consequences of his misconduct or where some post-dismissal procedure exists
where the offender may be heard. See Link v. Wabash Railroad Company, 370 U.S. 626, 632-33
(1962). (3)

 Consistent with this Court's decision in Johnson, the Texas Supreme Court's decision in
Eichelberger and the other authorities cited so far, the Wisconsin Supreme Court explained the rationale
for exercising the inherent judicial power to dismiss a party's cause of action:

 The court's authority to dismiss actions emanates not merely from a need to prevent
injustice to the parties in the particular action, but also from a need to prevent injustice to
the operation of the judicial system as a whole. The circuit courts have a duty to
discourage the protraction of litigation, preserve judicial integrity, and promote the orderly
processing of cases. [Citation omitted]. Dismissal, in some instances, is necessary to
maintain these interests. Each time the court's orders are disregarded, the administration
of justice suffers because the court's time is misused to accommodate the noncomplying
party's dilatoriness at the expense of the other party and all other litigants awaiting the
court's attention. A continuing failure to sanction may be perceived by the noncomplying
party and other litigants as a green light to flaunt [sic] court orders.


Johnson v. Allis Chalmers Corporation, 470 N.W.2d 859, 867 (Wis. 1991).

 

 The record in this case supports findings that appellant has engaged in dilatory and bad-faith abuse
of the judicial process rather than seriously pursuing his appeal and that no lesser sanction was available
to preserve judicial integrity and to prevent appellant's significant interference with core judicial functions. 
See generally Kutch, 831 S.W.2d at 510-13. Moreover, the circumstances here (appellant's knowledge
of the possible consequences of his serious misconduct and a post-dismissal opportunity to be heard in a
motion for rehearing (4)) "were such as to dispense with the necessity for advance notice and hearing." See
Link, 370 U.S. at 632-33. On this record, we cannot say that the Court of Appeals abused its discretion
to dismiss appellant's appeal. See Kutch, 831 S.W.2d at 512; see also Link, 370 U.S. at 633 (whether
such an order can stand on appeal depends not on power but on whether it was within the permissible
range of the court's discretion).

 Appellant claims, however, that Tex.R.App.Proc. 38.8(b)(4) is a limitation on the inherent power
of the Court of Appeals to dismiss his appeal. See Latham, 127 N.W.2d at 226 (court's inherent power
must be exercised "consistent within the constitution and statutes"); Kutch, 831 S.W.2d at 510
(legislature's lawmaking powers may operate to limit certain exercises of inherent power); see also
Chambers, 501 U.S. at 47-50 (courts should not lightly assume that Congress has intended to depart from
established principles such as the scope of a court's inherent power); Link, 370 U.S. at 629-30 (court's
inherent power to dismiss a party's cause of action under appropriate circumstances is of ancient origin). 
The various provisions in Tex.R.App.Proc. 38(b) set out the procedures for an appellate court to follow
when an appellant has not filed a brief. When this occurs, these provisions require the appellate court to
remand the case to the trial court to conduct a hearing and "to make appropriate findings and
recommendations." Once this happens, Rule 38.8(b)(4) provides:

 (4) Appellate court action. Based on the trial court's record, the appellate court may act
appropriately to ensure that the appellant's rights are protected, including initiating
contempt proceedings against appellant's counsel. If the trial court has found that the
appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but
has not made the necessary arrangements for filing a brief, the appellate court may consider
the appeal without briefs, as justice may require.


 Appellant claims that Rule 38.8(b)(4) prohibited the Court of Appeals from dismissing his appeal
and required the Court of Appeals to "consider" his appeal without briefs and to search the record for
"fundamental" error as this Court and other courts of appeals have done in other cases where a pro se
appellant had not filed a brief. See, e.g., Lott v. State, 874 S.W.2d 687, 688 (Tex.Cr.App. 1994);
Coleman v. State, 774 S.W.2d 736, 739 (Tex.App.-Houston [14th Dist.] 1989, no pet.). Assuming that
Rule 38.8(b)(4) applies here, (5) it states that the appellate court may consider the appeal without briefs. It
does not state that the appellate court must consider the appeal without briefs.

 Appellant also claims that Article 44.33(b), Tex. Code Crim. Proc., is a limitation on the inherent
power of the Court of Appeals to dismiss his appeal. Article 44.33(b) provides:

 Appellant's failure to file his brief in the time prescribed shall not authorize dismissal of the
appeal by the Court of Appeals or the Court of Criminal Appeals, nor shall the Court of
Appeals or the Court of Criminal Appeals, for such reason, refuse to consider appellant's
case on appeal.


 We, however, do not read the opinion of the Court of Appeals as dismissing appellant's appeal
solely because he failed to file a brief. (6) We read its opinion as dismissing appellant's appeal because
appellant's entire course of conduct throughout these proceedings (of which his failure to file a brief was
only a part) demonstrated bad-faith abuse of the judicial process. This case is very similar to Link, in which
the Supreme Court upheld the district court's exercise of its inherent power to dismiss the plaintiff's cause
of action.

 We need not decide whether the unexplained absence from a pretrial conference[ (7)] would
alone[ (8)] justify a dismissal with prejudice if the record showed no other evidence of
dilatoriness on the part of the plaintiff. For the District Court in this case relied on all[ (9)]
the circumstances that were brought to its attention, including the earlier delays. [Footnote
omitted].


 And while the Court of Appeals did not expressly rest its judgment on petitioner's failure
to prosecute, it nonetheless set out the entire history of the case (including the statement
made by the district judge's secretary that it was "the oldest civil case on the court
docket"), noted that the District Court had considered the absence at the pretrial
conference in light of "the history of this litigation" and "of all the circumstances surrounding
counsel's action in the case," [citation omitted], and held that there was no abuse of
discretion in dismissing the action "under the circumstances of this case." [Citation
omitted]. This obviously amounts to no broader a holding than that the failure to
appear at a pretrial conference may, in the context of other evidence of delay, be
considered by a District Court as justifying a dismissal with prejudice.[ (10)] [Footnote
omitted]


 Nor need we consider whether the District Court would have been abusing its discretion
had it rejected a motion under [a post-dismissal rule of procedure which authorizes the
reopening of cases in which final orders have been erroneously entered] which was
accompanied by a more adequate explanation for the absence of petitioner's counsel from
the pretrial conference. No such motion was ever made, so that there is nothing in the
record before us to indicate that counsel's failure to attend the pretrial conference was
other than deliberate or the product of neglect.


Link, 370 U.S. at 634-36.


 Similarly, appellant's failure to file his brief "in the context of other evidence of delay [and bad faith
misconduct]" justified the dismissal of his appeal. See id. In addition, Link satisfactorily answers
appellant's contention (adversely to appellant) that dismissal of his appeal denied him due process of law.

 The dissenting opinion would deprive the Court of Appeals of the discretion to protect its docket
and its integrity by reading the word "may" out of Rule 38.8(b)(4) apparently because due process requires
this to insure appellant his "day in court." But, due process does not guarantee a party his "day in court." 
Due process guarantees a party an opportunity to have his "day in court," and there can be no question that
appellant has had ample opportunity to have his "day in court." See Grannis v. Ordean, 234 U.S. 385,
394 (1914) ("fundamental requisite of due process of law is the opportunity to be heard"). The rule is the
same in civil and in criminal cases. See Allen v. Georgia, 166 U.S. 138, 140-42 (1897) (applying civil
rule to decide that it did not violate due process to dismiss death-penalty defendant's writ of error in the
Georgia Supreme Court because the defendant had escaped even though he was later recaptured). 

 The dissenting opinion also claims that Article 44.33(b) prohibits the dismissal of appellant's appeal
because it "appears" that his failure to file a brief was the real and only reason for the dismissal of his
appeal. The lengthy factual recitation in the opinion of the Court of Appeals demonstrates otherwise, and
the narrow holding in this case does not rest solely on appellant's failure to file a brief. It should be
emphasized that the holding in this case is a narrow one. See Link, 370 U.S. at 635 (lower court's
decision "obviously amounts to no broader a holding than" ...). It does not open the door to the dismissal
of a party's appeal except in the most extreme circumstances. And, even under these extreme
circumstances, an intermediate appellate court still has the discretion to consider the appeal without briefs
and to search the record for fundamental error. That the Court of Appeals has not exercised its discretion
to do so here has not violated the due process rights of appellant who (even the dissent seems to agree)
has engaged in bad-faith abuse of the judicial process.

 The judgment of the Court of Appeals is affirmed.


 Hervey, J.


Delivered: October 13, 2004

Do Not Publish

1. The record supports the factual assertions contained in the opinion of the Court of Appeals.
2. Compare State v. Braunsdorf, 297 N.W.2d 808, 815-16 (Wis. 1980) (trial courts have no
inherent power to dismiss a criminal case with prejudice prior to attachment of jeopardy because this is not
essential to existence of the orderly functioning of a trial court) accord Johnson, 821 S.W.2d at 613 (trial
courts have no inherent power to dismiss a criminal prosecution because this does not serve to "enable our
courts to effectively perform their judicial functions and to protect their dignity, independence and integrity")
(internal quotes omitted).
3. Some courts have declined to follow Link and have held that federal due process requires notice
and an opportunity to be heard prior to dismissal of a cause of action for failure to prosecute under Rule
of Civil Procedure 41(b), the "plain" language of which, with no mention of any notice requirement
beforehand, authorizes a trial court in its discretion to dismiss a cause of action for failure to prosecute. See
Dimon v. Mansy, 479 S.E.2d 339, 347-49 (W.Va. 1996) (believing that the time has arrived to
disassociate the civil practice of West Virginia with the position taken in Link) and authorities cited therein;
compare Bush v. State, 80 S.W.3d 199, 200 (Tex.App.-Waco 2002, no pet.) (appellate court dismissed
appeal for "want of prosecution" when appellant failed to file brief after being ordered to do so and being
warned that failure to file a brief could result in dismissal of appeal). Dimon, however, involved only a
party's failure to prosecute, unaccompanied by any evidence of bad-faith abuse of the judicial process. 
See Dimon, 479 S.E.2d at 343. In addition, this Court would be hesitant to follow a decision that so lightly
and categorically disregards United States Supreme Court precedent on a matter of federal constitutional
law. See State v. Guzman, 959 S.W.2d 631, 633 (Tex.Cr.App. 1998) (courts required to follow
Supreme Court precedent on matters of federal constitutional law).
4. Tex.R.App.Proc. 49.1 states:


 A motion for rehearing may be filed within 15 days after the court of appeals' judgment or
order is rendered. The motion must clearly state the points relied on for the rehearing.
5. See Lott, 874 S.W.2d at 688 n.2 (predecessor to Rule 38.8(b) does not apply when appellant is
pro se); Wade v. State, 31 S.W.3d 723, 725 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd) (Rule
38.8(b)(4) designed to protect indigent defendant from failure of his appointed counsel to file a brief);
Coleman, 774 S.W.2d at 738 (finding it unnecessary to again remand case to trial court to address the
questions required by predecessor to Rule 38.8(b) because the "court already knows the answer to those
questions"). Tex.R.App.Proc. 74(l) was the predecessor to Rule 38.8(b). See Wade, 31 S.W.3d at 725
n.2.
6. The following cases present the situation in which a party fails to file a brief but there is no evidence
of bad-faith misconduct. See Villarreal v. State, 455 S.W.2d 253 (Tex.Cr.App. 1970); Cogburn v.
State, 452 S.W.2d 466 (Tex.Cr.App. 1970). In each of these cases, this Court reviewed the record for
unassigned error and affirmed the convictions. See Villareal, 455 S.W.2d at 253; Cogburn, 452 S.W.2d
at 467; compare Link, 370 U.S. at 634 (finding it unnecessary to decide whether unexplained absence
from pretrial conference "would alone justify a dismissal with prejudice if the record showed no other
evidence of dilatoriness on the part of the plaintiff" whose cause of action was dismissed by the district
court under its inherent power) (emphasis in original). 
7. Failing to appear at a pretrial conference after being ordered to do so is analogous to failing to file
a brief after being ordered to do so.
8. Emphasis in original.
9. Emphasis in original.
10. Emphasis supplied.