IN RE the ESTATE OF Sara A. SHORT, deceased:

Sonya THEIS, Claire Jackson, Ed Sholtes
and Diane Sholtes, Appellants,

v.

John H. SHORT, John W. Short and
Julie A. Short, Respondents.†

Court of Appeals

*No. 2009AP1591. Submitted on briefs January 22, 2010.*
*—Decided July 1, 2010.*

2010 WI App 108

(Also reported in 789 N.W.2d 585.)

† Petition for Review filed.

162

On behalf of the appellants, the cause was submitted on the briefs of *Jennifer M. Krueger* and *Richard W. Pitzner* of *Murphy Desmond S.C.*, Madison.

On behalf of the respondents, the cause was submitted on the brief of *Thomas R. Glowacki* and *Mark T. Johnson* of *Hill, Glowacki, Jaeger & Hughes LLP*, Madison.

Before Dykman, P.J., Lundsten and Higginbotham, JJ.

¶ 1. DYKMAN, P.J. Sonya Theis appeals from an order dismissing her petition for administration of her

mother's estate.[1] Theis argues that the circuit court erred in dismissing her petition under WIS. STAT. § 805.03 (2007–08)[2] or the court's inherent authority. Specifically, Theis contends that her conduct was not egregious; that if her conduct was egregious, she had a clear and justifiable excuse for that conduct; and that the dismissal violates her constitutional due process rights because she had no notice that her conduct might result in dismissal of her petition. We conclude that the court properly exercised its discretion in determining that Theis's conduct was egregious and without a justifiable excuse, but that dismissal of the action did not comport with procedural due process requirements. Accordingly, we reverse.

---

[1] The named appellants are the four adult children of the deceased: Sonya Theis, Claire Jackson, Ed Sholtes and Diane Sholtes. For ease of reading, we frame the arguments on appeal as Theis's.

[2] WISCONSIN STAT. § 805.03 provides:

> For failure of any claimant to prosecute or for failure of any party to comply with the statutes governing procedure in civil actions or to obey any order of court, the court in which the action is pending may make such orders in regard to the failure as are just, including but not limited to orders authorized under s. 804.12(2)(a). Any dismissal under this section operates as an adjudication on the merits unless the court in its order for dismissal otherwise specifies for good cause shown recited in the order. A dismissal on the merits may be set aside by the court on the grounds specified in and in accordance with s. 806.07. A dismissal not on the merits may be set aside by the court for good cause shown and within a reasonable time.

WISCONSIN STAT. § 804.12(2)(a)3., in turn, provides that one remedy available to a circuit court is to issue an order "striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof."

All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

*Background*

¶ 2.   The following undisputed facts are taken from the circuit court record. Theis's mother, Sara Short, died on March 27, 2002. In December 2002, Theis filed a petition for formal administration of Sara Short's estate with the Jefferson County Register in Probate.[3] Theis claimed that Sara Short's will, which was also filed with the probate court, was the product of undue influence by Sara Short's husband, John Short (Short).[4]

¶ 3.   On September 15, 2003, the circuit court dismissed the petition without prejudice, because Theis had not pled her undue influence claim with sufficient particularity.[5] Theis filed a second petition for formal administration of Sara Short's estate on October 30, 2003. On July 19, 2004, the circuit court, Judge Gempeler presiding, dismissed the petition with prejudice, finding that the earlier dismissal was on the merits and the petition failed to allege undue influence with sufficient particularity. Theis appealed, and on July 28, 2005, we reversed the circuit court's order and remanded for further proceedings. The case was remitted to the circuit court on September 1, 2005.

---

[3] Theis's name on the original petition is stated as "Sonya Zechel." The parties do not attach any significance to Theis's use of a different surname.

[4] Theis developed her undue influence argument in an amended petition filed on April 1, 2003.

[5] Theis filed a second amended petition for formal administration of Sara Short's estate on May 15, 2003, providing more detailed allegations of undue influence. On September 22, 2003, the court denied Theis's motion for reconsideration of its order dismissing the petition without prejudice, and granted Short's motion to dismiss the second amended petition, without prejudice.

¶ 4. On September 15, 2005, Theis contacted the circuit court and discovered that Reserve Judge Becker was assigned to this action, based on Judge Gempeler's absence from the bench. In April 2006, Theis deposed Short. Theis then took no action on the case until June 2007, when the parties resumed discussing depositions. Theis took additional depositions in August 2007.[6] No further action was taken until January 2008, when Theis took additional depositions.[7] In October 2008, Theis's counsel wrote the register in probate requesting a status conference in this case; in November 2008, counsel for Theis contacted the register in probate to request assignment of a new judge.[8] Counsel made additional requests for judicial assignment and a status conference in December 2008 and January 2009. On January 12, 2009, the circuit court, Judge Davis presiding, scheduled a status conference for February 12, 2009.

¶ 5. On February 11, 2009, Short moved to dismiss this action for failure to prosecute. On February 26, 2009, the court held a hearing on Short's motion. It determined that Theis had failed to prosecute the case, that her conduct was egregious, and that she had no justifiable excuse for her conduct. On March 19, 2009, the court entered an order dismissing Theis's petition for failure to prosecute the action. Theis appeals.

---

[6] Theis's attorney's affidavit states the depositions were taken in August 2008. The placement of these depositions in the timeline of the affidavit makes clear that the year should be stated as 2007. Additionally, the parties agree on appeal that the depositions occurred in August 2007.

[7] Theis claims there were discussions over depositions in December 2007, but this is not supported by her record citation.

[8] Judge Gempeler had been assigned to this case in December 2003, but was absent from the bench for prolonged periods, including from August 2007 until he retired in December 2008.

*Standard of Review*

■■■

¶ 6.    We review a circuit court's decision to dismiss an action for failure to prosecute under WIS. STAT. § 805.03 or its inherent authority for an erroneous exercise of discretion. *See Taylor v. State Highway Comm'n*, 45 Wis. 2d 490, 493–94, 173 N.W.2d 707 (1970). "We will affirm the trial court's exercise of discretion unless it fails to properly apply the law or makes an unreasonable determination under the existing facts and circumstances." *Hudson Diesel, Inc. v. Kenall*, 194 Wis. 2d 531, 542, 535 N.W.2d 65 (Ct. App. 1995). "Therefore, . . . we will sustain the sanction of dismissal if there is a reasonable basis for the circuit court's determination that the noncomplying party's conduct was egregious and there was no clear and justifiable excuse for the party's noncompliance." *Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 276–77, 470 N.W.2d 859 (1991), *overruled on other grounds by Industrial Roofing Servs., Inc. v. Marquardt*, 2007 WI 19, 299 Wis. 2d 81, 726 N.W.2d 898 (citation omitted). Moreover, "[o]nce these factors are established, it is within the circuit court's discretion to dismiss the action." *Id.* at 277. However, "[w]hether a party was afforded due process is a legal question that we review de novo." *Xerox Corp. v. DOR*, 2009 WI App 113, ¶ 12, 321 Wis. 2d 181, 772 N.W.2d 677.

*Discussion*

¶ 7.    Theis argues that the circuit court erroneously exercised its discretion in dismissing her action for administration of Sara Short's estate. Theis contends that her conduct was not egregious and thus did not support dismissal for failure to prosecute under

WIS. STAT. § 805.03. *See Trispel v. Haefer*, 89 Wis. 2d 725, 732, 279 N.W.2d 242 (1979) ("Because of the harshness of the sanction, a dismissal under [§ 805.03] should be considered appropriate only in cases of egregious conduct by a claimant." (citation omitted)). Theis also argues that, even if the trial court properly determined that her conduct was egregious, she had a clear and justifiable excuse for her delay, and therefore dismissal was unjustified. *See Johnson*, 162 Wis. 2d at 276 ("[I]f the noncomplying party shows a clear and justifiable excuse for his [or her] conduct, then dismissal is improper." (citation omitted)). Finally, Theis argues that dismissal of her probate action for failure to prosecute under § 805.03 or the court's inherent authority violates her constitutional due process rights because she had no notice that this case was subject to dismissal based on her actions.[9] *See Rupert v. Home Mut. Ins. Co.*, 138 Wis. 2d 1, 7, 405 N.W.2d 661 (Ct. App. 1987) ("Where a party lacks actual notice of the conduct required to diligently prosecute an action, fundamental fairness and due process require that notice be given informing the party of the implications of his or her conduct."). We conclude that the circuit court did not erroneously exercise its discretion in determining that Theis's conduct was egregious and lacked a justifiable excuse. However, we also conclude that Theis did not have notice that her conduct could result in the court dismissing her action, and therefore dismissal violated Theis's due process rights.

---

[9] The parties do not specify whether their due process arguments arise under the United States or Wisconsin Constitutions, but the case law they cite makes clear their arguments are grounded on the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

¶ 8.   Theis argues first that her conduct in failing to prosecute this action was not egregious, and thus the court erroneously exercised its discretion in dismissing her action for administration of her mother's estate. *See Monson v. Madison Family Inst.*, 162 Wis. 2d 212, 223–24, 470 N.W.2d 853 (1991) (dismissal for failure to prosecute is an erroneous exercise of discretion if party's conduct was not egregious). She contends that under WIS. STAT. § 856.11, the circuit court, not Theis, had the burden to schedule a hearing after this case was remitted to the circuit court in September 2005.[10] *See* § 856.11 ("When a petition for administration is filed,

---

[10] Theis also contends that the circuit court improperly focused on the average length of cases pending in the circuit court rather than the particular facts of this case. The circuit court said:

> Now some other things I have looked [at] to try and evaluate what would be unreasonable delay, egregious delay, is to gather some empirical public information about how cases get processed in a general sense . . . .
>
>  . . . .
>
>  . . . [O]ne thing it makes clear to me [is that] it affirms my belief from my experience in 17 years as a trial judge and years before that in private practice that a six-year old case is extremely unusual.

However, our focus is whether the record supports a finding of egregiousness. *See Teff v. Unity Health Plans Ins. Corp.*, 2003 WI App 115, ¶ 14, 265 Wis. 2d 703, 666 N.W.2d 38 (upholding court's implicit finding of egregiousness because "[t]here [was] a reasonable basis in the record for determining that [the party's] conduct met" the proper standard). We will therefore not reverse based on the circuit court's stated reasoning.

We note, however, that we are concerned only with the time between remittitur and the motion to dismiss for failure to

171

the court shall set a time for proving the will, if any, for determination of heirship and for the appointment of a personal representative."). Theis argues that here, the delay between remittitur and a hearing was due to Judge Gempeler's illness and consequent absence from the bench, and thus cannot be attributed to Theis. *See Hadley v. State*, 66 Wis. 2d 350, 363, 225 N.W.2d 461 (1975) ("[W]here the delay is the result of overcrowded courts or lack of judicial manpower, such circumstances must rest with the government rather than with the defendant." (citation omitted)). Theis also contends that Short shared the burden to prosecute this action because he had an interest in proving that Sara Short was competent to execute her will; that the delay in scheduling a status conference was attributable to court administration confusion because this is a Jefferson County case being heard in Waukesha County; and that her action is not egregious because she has abided by all court orders in this case.

¶ 9.    Short responds that the circuit court properly determined that Theis's conduct was egregious. He contends that the court properly relied on the long periods of delay in this case, which the court called "extremely unusual" and "conspicuously bad and extreme." Short also argues that Theis, as the petitioner, bears the burden of moving the case forward, rather than the court or Short.[11] *See Marshall-Wisconsin Co.,*

prosecute, a period of approximately three-and-a-half years, and not the entire six years that this case has been pending, as stated by the circuit court.

[11] Short argues that Theis forfeited her argument that Short shared the burden of moving the case forward because she did not raise it in the circuit court. See *State v. Ndina*, 2009 WI 21, ¶¶ 29–31, 315 Wis. 2d 653, 761 N.W.2d 612. Theis does not reply to Short's forfeiture argument, and we therefore deem

*Inc. v. Juneau Square Corp.*, 139 Wis. 2d 112, 136–37, 406 N.W.2d 764 (1987) ("[I]t is the plaintiff's burden to proceed with prosecution of the action within a reasonable period of time. It is not the judge's duty or the clerk's duty to see to it that trial proceeds swiftly, nor is it opposing counsel's duty to expedite litigation." (citations omitted)). Short contends that WIS. STAT. § 856.11 does not shift the burden of moving the case forward onto the court, but merely provides that when the petition is filed, the court must set a hearing, which the court did in this case. Finally, Short asserts that Theis's argument that Judge Gempeler's absence from the bench and court administration confusion caused delays does not account for the long stretches of time during which Theis took no action to advance this case.

■

¶ 10.  We conclude, first, that WIS. STAT. § 856.11 does not relieve a petitioner in a probate action from the burden of moving a case forward. Section 856.11 provides that "[w]hen a petition for administration is filed, the court shall set a time for proving the will, if any, for determination of heirship and for the appointment of a personal representative." As Theis points out, WIS. STAT. § 802.10(3), in contrast, provides that in civil cases generally "the circuit court may enter a scheduling order on the court's own motion or on the motion of a party." We disagree, however, with Theis's contention that the directive in § 856.11 that the court "shall" schedule a hearing places the burden solely on the court to move the case forward.

---

it conceded. *See Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979).

¶ 11. WISCONSIN STAT. § 856.11 reads that after a petition is filed, the court shall set a hearing; the court did so here. The petition was then dismissed on the merits, appealed, and remitted to the circuit court. The case did not significantly progress for the next three-and-a-half years. The question, then, is not whether Theis had the burden to schedule the initial hearing on the petition. The question is whether Theis had the burden to move the case forward after the case was remitted to the circuit court.

¶ 12. We agree with Theis that there is no clear case law on this point. We conclude, however, that in probate actions, as in civil cases generally, the burden is on the petitioner to move the case forward. The supreme court has explained that "[t]he burden remains on the plaintiff throughout the course of litigation to see to it that the case is brought to trial within a reasonable period of time." *See Marshall-Wisconsin,* 139 Wis. 2d at 128. Although Theis is correct that this rule has not been applied specifically to probate actions, she also has not established that a different result is required based on the fact that this action is in probate. That is, while Theis correctly posits that probate courts are distinct procedurally from other civil actions, *see Sanders v. Estate of Sanders,* 2008 WI 63, 310 Wis. 2d 175, 750 N.W.2d 806, she has not identified how the distinct procedure of probate actions relieves the petitioner from the burden of moving the action forward.[12]

---

[12] Theis cites *Sanders v. Estate of Sanders,* 2008 WI 63, 310 Wis. 2d 175, 750 N.W.2d 806, for the proposition that probate actions are procedurally distinct from other civil cases. There, the supreme court addressed whether an order in a probate action was final for purposes of appeal. *Id.,* ¶¶ 1–2. The court said that "the probate of an estate is a series of special

We turn, then, to whether the facts of this case provide a reasonable basis for the trial court's determination that Theis's conduct in failing to prosecute this action was egregious.

¶ 13.  We have explained that "[e]gregious conduct is conduct that, although unintentional, is extreme, substantial and persistent." *Teff v. Unity Health Plans Ins. Corp.*, 2003 WI App 115, ¶ 14, 265 Wis. 2d 703, 666 N.W.2d 38 (citation omitted). Here, following remittitur, there was a period of inactivity of seven months before Theis deposed Short; there was a period of inactivity of fourteen months before there were further discussions regarding depositions; another period of inactivity of four months before there were further depositions; and then a period of inactivity of ten months before Theis contacted the court to request a status conference. These periods of inactivity provided a reasonable basis for the circuit court to determine that Theis's failure to prosecute was extreme, substantial and persistent, and therefore egregious. Moreover, we disagree with Theis's argument that her conduct was not egregious because she never disobeyed any court order; neither case law nor WIS. STAT. § 805.03 require a court order violation before conduct may be found egregious. *See Marshall-Wisconsin*, 139 Wis. 2d at 137.

■

¶ 14.  Next, we conclude that the record supports the circuit court's determination that Theis had no clear and justifiable excuse for her delay. Theis argues that Judge Gempeler's absence from the bench and court administration confusion were the cause of the

proceedings, which are terminated with a series of orders that are final orders for the purposes of an appeal." *Id.*, ¶ 26. *Sanders* does not support Theis's argument that a petitioner in probate does not have the burden of moving a case forward.

delay, and therefore the delay was excusable. However, Theis does not explain how either of those factors prevented her from taking any action on the case for long stretches of time. We therefore have no basis to disturb the court's determination in this regard.

¶ 15. Having concluded that the circuit court did not erroneously exercise its discretion in determining that Theis's conduct was egregious and lacked a justifiable excuse, we turn to whether dismissal nonetheless violated Theis's due process rights.

■

¶ 16. Theis contends that she had neither actual nor constructive notice that her conduct could result in dismissal of her action, as required by *Rupert*. Short responds that due process was satisfied in this case because Theis had notice of Short's motion and was afforded a hearing to defend the motion, citing *Neylan v. Vorwald*, 124 Wis. 2d 85, 368 N.W.2d 648 (1985). We conclude that case law dictates that more than just notice of a motion to dismiss for failure to prosecute and a hearing are required to provide due process.

¶ 17. In *Neylan*, the supreme court addressed "whether a trial court, upon its own motion, may dismiss actions for failure to prosecute without giving actual notice to any party." *Id.* at 86. There, Neylan commenced an action on October 31, 1975, for personal injuries arising out of an automobile accident. *Id.* at 87–88. The record revealed that the parties participated in discovery until February 1977, and amended the caption of a third-party complaint in March 1977. *Id.* at 88. The next activity in the record was the court's August 29, 1978 order dismissing the action for failure to prosecute. *Id.* at 88–89. In October 1982, Neylan moved the court to set aside the order dismissing her action. *Id.* The court denied the motion. *Id.*

¶ 18.  The supreme court concluded that the dismissal violated Neylan's due process rights. *Id.* at 95. The court began by quoting the following passage from *Link v. Wabash Railroad Co.*, 370 U.S. 626, 632 (1962):

> It is true, of course, that the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked. But this does not mean that every order entered without notice and a preliminary adversary hearing offends due process. The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct.

*Neylan,* 124 Wis. 2d at 90 (internal citations omitted). The court then concluded that "because [Wis. Stat. §] 805.03 ... by its language does not provide the constructive notice required under *Link,* actual notice to the parties of the court's dismissal for failure to prosecute is required." *Id.*

¶ 19.  The *Neylan* court explained that Wis. Stat. § 269.25 (1969), the predecessor to Wis. Stat. § 805.03, had previously stated that "[t]he court may without notice dismiss any action or proceeding which is not brought to trial within five years after its commencement," thus providing "constructive notice to litigants that the sanction of dismissal would be imposed if the action was not brought to trial within five years of commencement." *Id.* at 92. The statute therefore "served as sufficient due process protection under the reasoning set forth in *Link.*" *Id.* In 1969, § 269.25 was amended to require actual notice before dismissal and provide a four-year period to bring an action to trial. *Id.* The current § 805.03, however, does not contain the

constructive notice of requiring trial within a certain number of years, and also no longer requires actual notice to litigants before dismissal. *Id.* at 92–93. Thus, § 805.03 "does not import any constructive knowledge to litigants or their counsel of the outside time limits a court will consider as being a 'failure to prosecute,' nor does it provide that actual notice be given." *Id.* The court therefore held that

> [w]here no constructive notice is given, fundamental fairness and due process require that a litigant be given actual notice before a court enters a dismissal without the notice and motion of any party. Otherwise, what a judge feels to be a failure to prosecute a case will depend on the individual judge's thinking, the court's calendar, and rate of case intake and disposition. Section 805.03 alone imports no knowledge in advance to litigants of what is expected in prosecuting a case in a particular trial court to avoid dismissal . . . .

*Id.* at 93.

¶ 20. In *Rupert*, we addressed the due process concerns implicated by dismissals for failure to prosecute identified in *Neylan*. Rupert had filed an action in July 1984 for damages he sustained in a motor vehicle collision, naming Home Mutual as a defendant. *Rupert*, 138 Wis. 2d at 5. In August 1984, Home Mutual served Rupert with a set of written interrogatories. *Id.* The court file contained no other activity until August 1985, when the circuit court filed a notice of its intent to dismiss the action, "informing Rupert that unless he showed cause as to why his action should not be dismissed for failure to diligently prosecute, it would be dismissed." *Id.* Following a hearing, the court relied on both Wis. Stat. § 805.03 and its inherent authority in dismissing the action for failure to prosecute. *Id.* at 5–6.

¶ 21.  We reversed in *Rupert*, concluding that the dismissal for failure to prosecute violated due process.[13] *Id.* at 4, 7. While "[w]e recognize[d] the [circuit] court's inherent discretionary power to control its docket with economy of time and effort" and its "duty, under its inherent power, to discourage protraction of litigation and to refuse its aid to those who negligently or abusively fail to prosecute the actions they commence," we also concluded that "due process must guide the [circuit] court's discretionary power to dismiss." *Id.* at 7. Thus, we explained, "[t]he question . . . is not the existence of the court's power, but the propriety of dismissing where the law provides no boundaries for 'failure to prosecute.' " *Id.*

¶ 22.  Our *Rupert* decision follows the reasoning set forth in *Neylan* to conclude that due process was lacking. *Id.* at 7–8. We said that the *Rupert* case "justifie[d] the *Neylan* court's warning," in that "the court unilaterally defined failure to prosecute as one year's inactivity. Rupert had no basis, either in statutory or case law, to anticipate the [circuit] court's definition of 'failure to prosecute.' " *Id.* at 8. We turned to Wis. Stat. § 802.10(2) (1985–86),[14] which provided that "[w]ithin 60 days after the expiration of one year,

[13] Although we reversed the circuit court's dismissal for failure to prosecute, we also remanded for the circuit court to make factual findings necessary to exercise its discretion as to whether to dismiss for failure to respond to the interrogatories. *Rupert v. Home Mut. Ins. Co.*, 138 Wis. 2d 1, 4, 405 N.W.2d 661 (Ct. App. 1987). We explained that Rupert had constructive notice that failure to answer interrogatories could result in dismissal, under Wis. Stat. §§ 804.08(1)(b) and 804.12(4). *Id.* at 12.

[14] Wisconsin Stat. § 802.10(2) has since been repealed. *See* S. Ct. order 95–04, 191 Wis. 2d xxi (eff. July 1, 1995).

the court shall by order set dates for a pretrial confer-
ence and for trial." *Id.* at 9. We reasoned that:

> [b]y setting pretrial conference and trial dates, the
> court defines diligent prosecution of an action. After
> one year has passed, a plaintiff may reasonably assume
> that the court will set these dates within sixty days. It
> is unreasonable that a plaintiff, anticipating receiving
> pretrial conference and trial dates, should instead re-
> ceive a notice of intent to dismiss. Here, rather than
> setting the required dates, and thus providing the
> plaintiff with an outside limit of conduct expected for
> diligently pursuing its action, the [circuit] court moved
> to dismiss the one-year-old suit.

*Id.* at 9–10. We therefore concluded that dismissal
based on failure to prosecute had violated Rupert's due
process rights. *Id.* at 9–12.

¶ 23. Although the facts of this case do not paral-
lel *Rupert*, we are persuaded that the same reasoning
applies. While in *Rupert* the action was only one year
old and here the action had been remitted to the circuit
court for three-and-a-half years before the motion to
dismiss for failure to prosecute, this case is similar in
that Theis had no constructive or actual notice of the
outside limits of her conduct which would constitute
failure to prosecute. As we explained in *Rupert*, "[s]ev-
eral alternatives are available to the [circuit] court to
accomplish the goal of diligent prosecution of claims"
short of dismissal, and in any event, "before imposing a
sanction as drastic as dismissal, advanced notice is
required" that a party's conduct might result in dis-
missal to satisfy due process requirements. *Id.* at 11–12.
Because Theis had no actual or constructive notice that
her conduct might result in dismissal before Short filed

180

his motion to dismiss for failure to prosecute, dismissal violated due process requirements.

¶ 24. Moreover, Short's argument that due process was satisfied because Theis had notice of Short's motion to dismiss for failure to prosecute and was afforded a hearing misses the mark. We explained in *Rupert* that due process was not satisfied by providing Rupert notice of the court's intent to dismiss and a hearing, because the hearing only gave Rupert an opportunity to explain his failure to meet an unknown standard, it did not give him an opportunity to meet the standard. *Id.* at 9. "Such a hearing falls short of affording due process." *Id.* Because Theis was similarly afforded only notice and a hearing to excuse her violation of an unknown standard of conduct, we conclude that Theis was not afforded due process. Accordingly, we reverse.

*By the Court.*—Order reversed.