COURT OF APPEALS
DECISION
DATED AND FILED

June 1, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1585**

Cir. Ct. No. **2018CV9140**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

MAREK A. MISIASZEK,

PLAINTIFF-APPELLANT,

GREAT WEST CASUALTY COMPANY,

INVOLUNTARY-PLAINTIFF,

V.

ABC INSURANCE COMPANY, DEF INSURANCE COMPANY, JOHN DOE, GHI INSURANCE COMPANY, JKL INSURANCE COMPANY, JOHN SMITH, MNO INSURANCE COMPANY, PQR INSURANCE COMPANY AND JOHN JOHNSON,

DEFENDANTS,

HEARTLAND EXPRESS, INC., COLUMBIAN LOGISTICS NETWORK, SPRINTER SERVICES, INC. AND ZURICH AMERICAN INSURANCE COMPANY,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. CONEN, Judge. *Reversed and remanded for further proceedings.*

Before Brash, C.J., Dugan and White, JJ.

¶1  WHITE, J. Marek A. Misiaszek appeals the order granting summary judgment on his claims in favor of Heartland Express, Inc. (Heartland Express) and Columbian Logistics Network, Inc. (Columbian Logistics) (collectively, the Defendants). Misiaszek argues that the doctrine of res ipsa loquitur was applicable to his claims. We conclude that the doctrine of res ipsa loquitur is applicable to defeat the Defendants' motions for summary judgment. However, we note that while holding that the doctrine of res ipsa loquitur is sufficient to defeat the motions for summary judgment based upon the record before us, it does not automatically follow that a jury instruction for the doctrine of res ipsa loquitur must be given to the jury at the close of the evidence at trial. Further, the court denied Misiaszek leave to amend the scheduling order without applying the proper standard. We reverse the order and remand with directions for further proceedings consistent with this decision.

## BACKGROUND

¶2  On May 26, 2017, Misiaszek, in the course of his employment for Sharkey Transport, moved a semi-truck trailer to the dock of a General Mills warehouse in Milwaukee. The trailer had been loaded in Grand Rapids, Michigan, by an employee of Columbian Logistics, who signed the Bill of Lading. The trailer contained sixty-four pallets, each weighing 1,200 pounds. The trailer was driven from Grand Rapids to Milwaukee by a Heartland Express employee.

¶3     Misiaszek had been assigned to move four trailers in the yard. In his deposition, he stated that he "[c]ame up to the third one, which was the trailer in question, picked it up, backed it up to the dock that it was supposed to go into, opened up the passenger-side trailer door, latched that, came over, was opening the driver-side trailer door." Misiaszek did not see the pallet leaning on the door as he was opening it. The door flew open and the pallet hit him, injuring him.

¶4     In November 2018, Misiaszek filed an action alleging negligence against Heartland Express and an unknown employee of Heartland Express who failed to properly secure the pallets in the trailer. After three amendments to the complaint, Misiaszek ultimately alleged negligence and negligence by respondeat superior against Heartland Express and Columbian Logistics.

¶5     In February 2020, Heartland Express moved for summary judgment arguing that there was no evidence to support Misiaszek's allegation that Heartland Express or its employee caused Misiaszek's injuries. Further, it argued that Misiaszek failed to produce an expert in support of his claims. Columbian Logistics also filed for summary judgment, arguing that Misiaszek had failed to provide evidence that it breached its standard of care and that Misiaszek had failed to name an expert witness to support his claims. In response, Misiaszek argued that there was a causal connection established by the res ipsa loquitur doctrine between Heartland Express and Columbian Logistics' actions and Misiaszek's injuries. Further, he argued no expert witness was necessary to opine on the Defendants' actions and the causal relationship between those actions and Misiaszek's injuries. In the alternative, he contended that Misiaszek himself qualified as an expert witness. Further, he moved the court for leave to amend the scheduling order to allow him to name an expert witness if Misiaszek himself did not qualify.

¶6     In April 2020, the circuit court conducted a hearing on the Defendants' motions. In discussing Misiaszek's res ipsa loquitur theory, counsel for Columbian Logistics addressed that there are two components to apply this doctrine: "One of which is that the accident claim is the type that ordinarily would not have [happened in the] absence of negligence. We will stipulate to that."[1]

¶7     However, Columbian Logistics' counsel argued that an application of the doctrine of res ipsa loquitur failed on the second component: "exclusive right to the control over the instrument causing the accident." It argued that Columbian Logistics loaded the trailer in Grand Rapids and presented the trailer loaded, but not yet closed, to Heartland Express. It contended that it did not have exclusive right to control the trailer after loading. The court reviewed the situation: "So the exclusive control of the trailer could be argued that it was Heartland [Express] from Grand Rapids to Milwaukee, and it was just dropped off there. That is the extent of the control that Heartland [Express] would have other than to get their trailer back." Heartland Express's counsel argued:

> The trailer is parked. It is then loaded by [Columbian Logistics]. And then at some point it is sealed. Then it's driven; then it's dropped off; then it sits; and then it's unloaded. That process, again it's a process, it's handled by several different people or possibilities of different people, which is exactly I think [Columbian Logistics'] point, that there is not one person who controls it from A to B. It doesn't happen that way which is why res ipsa doesn't fit in this case.

---

[1] Heartland Express's counsel did not argue this point or dispute Columbian Logistics' position; therefore, we consider Heartland Express to also have conceded that the first component was satisfied.

¶8     Misiaszek asserted in response that this case was not "complex" and that the cargo was not "properly secured" and it fell "on someone who opened the door." The court stated that there is an "intervening factor" of Misiaszek "driving the rig and turning it around and backing it into the loading dock for unloading." The court continued, "we don't know if he hit the dock and hit it so hard that it, that it was something that was out of the ordinary. We don't know. I am not saying that he did, but no one knows that. There's an intervening factor." Misiaszek argued that the court's statement was "wild speculation." The court clarified that because Misiaszek parked the trailer, the Defendants did not have exclusive control.

¶9     Further, on the topic of whether Misiaszek qualified as an expert on industry standard or whether Misiaszek could amend the scheduling order to hire an expert, the court stated it would not give Misiaszek "an opportunity to hire an expert at this point and do an end around …. You want to do this on the cheap, that's your problem. You don't want to hire an expert and prepare your case accordingly[.]" The court then set a ***Daubert***[2] hearing to determine if Misiaszek could serve as an expert witness.

¶10     In May 2020, Misiaszek moved the court to reconsider the applicability of the res ipsa loquitur doctrine to the case and for leave to amend the witness list to name an expert witness if Misiaszek did not qualify. In June 2020, the court denied Misiaszek's motion for reconsideration of the application of the res ipsa loquitur doctrine after oral argument. During the ***Daubert*** hearing, Misiaszek testified to his knowledge and his expert report; however, the court

---

[2] ***Daubert v. Merrell Dow Pharms., Inc.***, 509 U.S. 579, 597 (1993).

found that Misiaszek was not an expert and would not be qualified by the court as an expert witness. The court did not expressly address Misiaszek's motion for leave to amend the scheduling order at this hearing. In August 2020, the circuit court issued a written decision ordering that Misiaszek's motion to testify as an expert witness was denied. The circuit court also issued a written decision granting summary judgment to Heartland Express and Columbian Logistics. The court then dismissed Misiaszek's complaint entirely in a written decision. This appeal follows.

**DISCUSSION**

¶11 Misiaszek argues that the circuit court erred when it granted summary judgment to the Defendants. He contends that the court was wrong to find that the res ipsa loquitur doctrine was not applicable and to grant summary judgment. He asserts that the court erred when it found that expert testimony was required to determine if the incident would have occurred absent Heartland Express and Columbian Logistics' negligence. Finally, he argues that the circuit court erroneously exercised its discretion when it failed to provide a reasonable basis for denying Misiaszek leave to amend the scheduling order to name an expert witness.

¶12 Summary judgment is granted when the pleadings, depositions, affidavits, and other moving papers establish that no genuine issue of material facts are in dispute and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2) (2019-20).[3] We independently review the circuit court's

---

[3] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

decision to grant summary judgment, while applying the same standards as the circuit court. *Petzel v. Valley Orthopedics Ltd.*, 2009 WI App 106, ¶5, 320 Wis. 2d 621, 770 N.W.2d 787. "The appellate court applies the same two-step analysis the circuit court applies pursuant to WIS. STAT. § 802.08(2). Specifically, a court first examines the pleadings to determine whether a claim for relief is stated and whether a genuine issue of material fact is presented." *Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶21, 241 Wis. 2d 804, 623 N.W.2d 751. "When deciding whether there are genuine issues of material fact, we view the evidence, and the reasonable inferences from that evidence, in a light most favorable to the nonmoving party." *Petzel*, 320 Wis. 2d 621, ¶5. "[D]oubts as to the existence of a genuine issue of material fact are resolved against the moving party." *Lambrecht*, 241 Wis. 2d 804, ¶23.

¶13 Misiaszek alleged multiple counts of negligence and negligence by respondeat superior. A cause of action for negligence has four elements: "(1) a duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury." *Transportation Ins. Co. v. Hunzinger Const. Co.*, 179 Wis. 2d 281, 293, 507 N.W.2d 136 (Ct. App. 1993) (citation omitted). "Negligence is ordinarily an issue for the fact-finder and not for summary judgment." *Lambrecht*, 241 Wis. 2d 804, ¶2. "Summary judgment is uncommon in negligence actions" because the circuit court must be able to say that no reasonable jury, when properly instructed, could find that the defendant failed to exercise ordinary care based on the facts presented. *Id.* "Whether negligence was a cause-in-fact of an injury is a factual question for the jury if reasonable people could differ on the issue, and the question only becomes one of law for judicial

decision if reasonable people could not disagree." *Cefalu v. Continental W. Ins. Co.*, 2005 WI App 187, ¶9, 285 Wis. 2d 766, 703 N.W.2d 743.

¶14 Misiaszek contends that the manner in which the pallets were loaded and secured creates an inference through the res ipsa loquitur doctrine that if the pallets were properly loaded and secured, they would not have shifted and would not have fallen out, injuring Misiaszek. "Res ipsa loquitur is a rule of circumstantial evidence that permits a fact-finder to infer a defendant's negligence from the mere occurrence of the event." *Lambrecht*, 241 Wis. 2d 804, ¶33. A plaintiff who "create[s] a *prima facie* showing of negligence" through the doctrine of res ipsa loquitur is relieved "of the burden of going forward with proof of specific acts of negligence." *McGuire v. Stein's Gift & Garden Ctr., Inc.*, 178 Wis. 2d 379, 395, 504 N.W.2d 385 (Ct. App. 1993). The doctrine is applicable only when "(1) the event in question must be of a kind which does not ordinarily occur in the absence of negligence; and (2) the agency of instrumentality causing the harm must have been within exclusive control of the defendant." *Lambrecht*, 241 Wis. 2d 804, ¶34. From the evidence adduced at trial, the circuit court determines whether a res ipsa loquitur instruction may be given to the jury. *See id.*, ¶3.

¶15 Here, the circuit court found that without the application of the res ipsa loquitur doctrine, Misiaszek could not establish his negligence claims. A res ipsa loquitur instruction allows the jury "to 'fill in the blanks' by drawing an inference of negligence from the happening of the event and the defendant's relationship to it," in the situation "where evidence of the defendant's negligence is lacking or virtually nonexistent." *McGuire*, 178 Wis. 2d at 389. A plaintiff "may benefit from the res ipsa loquitur doctrine even where the [plaintiff] cannot exclude all other explanations." *Lambrecht*, 241 Wis. 2d 804, ¶77. In contrast, to

be granted summary judgment, a defendant "must produce evidence that will destroy any reasonable inference of negligence or so completely contradict it that reasonable persons could no longer accept it." *Id.*, ¶78. If reasonable conflicting inferences may be drawn from the evidence, or if the defendant "can offer only inconclusive evidence of a non-negligent cause," then the "court should not attempt to weigh the probabilities of negligence created by the competing inferences; that is the function of the jury." *Id.*, ¶85. Therefore, if Misiaszek shows that reasonable conflicting inferences may be drawn from the evidence such that the elements of res ipsa loquitur apply, then summary judgment is inappropriate. Instead, a jury must determine whether negligence occurred when there are reasonable conflicting inferences within the evidence.

¶16 The Defendants concede that the first element of res ipsa loquitur was satisfied—that this was the type of incident that ordinarily would not have happened in the absence of negligence. Columbian Logistics stipulated to the first element and Heartland Express failed to dispute the stipulation. Therefore, the only remaining issue we must consider is the issue of exclusive control. "The significant moment of exclusive control is the time at which the alleged negligence causing the injury occurs, not the time of the accident." *McGuire*, 178 Wis. 2d at 391. Misiaszek asserts that the negligence occurred before he opened the back trailer door, at some point during the loading, securing, or transport of the trailer.

¶17 Exclusive control in this context does not have "a strict literal interpretation," but instead is a "very flexible term." *Hoven v. Kelble*, 79 Wis. 2d 444, 452, 256 N.W.2d 379 (1977) (citation omitted). "The plaintiff who is riding a horse is in exclusive control of it, but when the saddle slips off the inference is still that it is the fault of the defendant who put it on." *Id.* at 453 (citation omitted). The RESTATEMENT (SECOND) OF TORTS "does not speak in terms of

9

control at all, but requires that 'other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence.'" *Hoven*, 79 Wis. 2d at 452 (quoting RESTATEMENT (SECOND) OF TORTS § 328D (1965)). The RESTATEMENT provides that "the plaintiff is not required to exclude all other possible conclusions beyond a reasonable doubt, and it is enough that [the plaintiff] makes out a case from which the jury may reasonably conclude that the negligence was, more probably than not, that of the defendant." *Id.*

¶18    At the hearing, the circuit court found that Misiaszek himself was an intervening factor because he moved the trailer to its final position at the loading dock. The circuit court speculated that Misiaszek could have hit the loading dock when he moved the trailer with such force to dislodge the pallet from its position. However, the court's speculation is not dispositive to the legal question. *See McGuire*, 178 Wis. 2d at 392. There is no evidence to support this theory. There is no evidence of erratic driving. Neither Heartland Express nor Columbian Logistics have argued or proffered evidence to show that Misiaszek acted improperly when moving the trailer. Therefore, the court's conjecture during the summary judgment hearing does not prove that Misiaszek cannot satisfy the exclusive control element of the doctrine.

¶19    Heartland Express argues that it did not have exclusive control over the trailer. Instead, it separates itself from Columbian Logistics to argue that Columbian Logistics loaded and secured the trailer in Michigan and Heartland Express's driver drove the trailer to Milwaukee. During the motion for summary judgment, viewing the evidence in the light most favorable to Misiaszek, a reasonable inference can be drawn that Heartland Express had control over the trailer before Misiaszek moved the trailer and opened the door. Under that same view of the evidence, a reasonable inference can be drawn that Columbian

Logistics had control over the trailer when it was loaded and secured, which occurred before Misiaszek moved the trailer and opened the door. Therefore, we conclude that doctrine of res ipsa loquitur is applicable to defeat the Defendants' motions for summary judgment.

¶20    Under the facts alleged, and viewed in the light most favorable to Misiaszek, we conclude that there are reasonable inferences in dispute when applying the doctrine of res ipsa loquitur, and therefore, the doctrine is applicable to defeat the Defendants' motions for summary judgment. At this summary judgment stage of the case, there are reasonable inferences in the evidence "which tend[] to show specific acts of negligence on the part of the [Defendants]" but not "a full and complete explanation of the occurrence." *See Utica Mut. Ins. Co. v. Ripon Coop.*, 50 Wis. 2d 431, 439, 184 N.W.2d 65 (1971) (citation omitted). "When the parties are entitled to competing inferences of negligence and non-negligence, courts should not rely on inconclusive evidence to dispose of one of the inferences at the summary judgment stage." *Lambrecht*, 241 Wis. 2d 804, ¶85. Accordingly, we conclude that the Defendants were not entitled to summary judgment in their favor; therefore, it was inappropriately granted.

¶21    However, while summary judgment is inappropriate and we conclude that Misiaszek has successfully alleged an application of the doctrine of res ipsa loquitur for purposes of defeating summary judgment, "it does not automatically follow that an instruction on [r]es ipsa loquitur must be given to the jury at the close of all of the evidence in the new trial. That determination must be based upon the state of the evidence as it then appears." *American Fam. Mut. Ins. Co. v. Dobrzynski*, 88 Wis. 2d 617, 630, 277 N.W.2d 749 (1979). It remains within the circuit court's discretion to determine proper jury instructions after the evidence is adduced at trial. *See Utica Mut. Ins. Co.*, 50 Wis. 2d at 440. The

11

circuit court "is in a better position to consider … the question of whether 'too much' or 'too little' evidence has been proffered by the plaintiff" to support a res ipsa instruction. *See **Peplinski v. Fobe's Roofing, Inc.***, 193 Wis. 2d 6, 20, 531 N.W.2d 597 (1995).

¶22 We now turn to the issue of expert testimony. Misiaszek argues that unloading a trailer falls within common knowledge and would not require expert testimony. The Defendants argue that commercial truck transportation is complex and that Misiaszek cannot make his case without expert testimony, which is testimony he is unable to give because he failed to qualify as an expert witness at the ***Daubert*** hearing. "Whether expert testimony is necessary to support a given claim is a question of law," which we determine independently. ***Trinity Lutheran Church v. Dorschner Excavating, Inc.***, 2006 WI App 22, ¶26, 289 Wis. 2d 252, 710 N.W.2d 680. Expert testimony may be required when the facts are "so complex or involve such sophisticated knowledge that the jurors are unable to determine on their own" whether a claim for negligence is supported. *See **Utica Mut. Ins. Co.***, 50 Wis. 2d at 436-37. We agree with the circuit court that commercial truck transport, loading, and unloading is not within one's common knowledge. *See **Trinity Lutheran Church***, 289 Wis. 2d 252, ¶26. Thus we conclude that absent the application of the res ipsa loquitur doctrine, Misiaszek would need expert testimony. On remand, the circuit court is directed to consider the question of what, if any, expert testimony Misiaszek may introduce.[4]

---

[4] We address below Misiaszek's argument regarding the circuit court's denial of his motion to amend the scheduling order to allow him to name an expert.

12

¶23 The Defendants further argue that an expert witness is required to assist the jury in understanding the industry standard for commercial truck transport. In contrast, Misiaszek argues that industry standard does not establish the standard of care; therefore, expert testimony on this point is not necessary. We note that an industry standard does not determine the standard of care in a negligence action, but it is relevant. *See Transportation Ins. Co.*, 179 Wis. 2d at 293-94 ("[C]ompliance with industry custom does not negate negligence as a matter of law[.]"); *Lees v. Carthage Coll.*, 714 F.3d 516, 525 (7th Cir. 2013) ("[E]ven formal industry standards are not dispositive as to negligence liability.").

¶24 The final issue is Misiaszek's motion for leave to amend the scheduling order to name an expert witness. The circuit court did not deny Misiaszek's motion in its written orders; instead, it informed Misiaszek during the summary judgment hearing in April 2020 that he would not be allowed to hire an independent expert witness. At the reconsideration and *Daubert* hearing in June 2020, the circuit court found that Misiaszek was "not an expert" and he would "not be qualified as an expert."[5] Additionally, the court stated that it "would not give [Misiaszek] more time" to name an expert witness without expressly addressing the motion for leave to amend the scheduling order.

¶25 The "[circuit] court has broad discretion in deciding how to respond to untimely motions to amend scheduling orders because that broad discretion is essential to the court's ability to manage its calendar." *Teff v. Unity Health*

---

[5] The court's determination that Misiaszek did not qualify as an expert witness is not an issue on appeal and we do not address it further.

*Plans Ins. Corp.*, 2003 WI App 115, ¶29, 265 Wis. 2d 703, 666 N.W.2d 38.[6] "The decision of whether a scheduling order will be modified is within the circuit court's discretion," and we will sustain its decision unless the court has erroneously exercised its discretion. *Schneller v. St. Mary's Hosp. Med. Ctr.*, 162 Wis. 2d 296, 305, 470 N.W.2d 873 (1991). When a circuit court faces an untimely motion to amend the scheduling order, "the circuit court must balance the integrity of the scheduling order and the fact of the defendant's completion of trial preparation against the plaintiffs' interest in having a fair presentation of their case." *Id.* at 309-10. The court's primary concerns are "accommodating the conflicting interests in permitting parties to fully present their case … preventing prejudice to the opposing party, and … deterring litigants from flaunting court orders and interfering with the orderly administration of justice." *Id.* at 310. "[E]ven if the circuit court grants an untimely motion to amend, the court may still impose sanctions, such as attorney's fees, against the moving party for violating the court's original scheduling order." *Id.* An exercise of discretion will be sustained, and will not be erroneous, if "the [circuit] court examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Loy v. Bunderson*, 107 Wis. 2d 400, 415, 320 N.W.2d 175 (1982).

¶26 Misiaszek argues that the circuit court did not give a reasonable or rational basis to deny the motion. The record reflects that the court's remarks

---

[6] The parties argue that WIS. STAT. § 801.15(2)(a) applies because this is a request for an enlargement of time. However, the excusable neglect standard in § 801.15(2)(a) does not apply to an untimely motion to enlarge a scheduling order deadline. *See Parker v. Wisconsin Patients Comp. Fund*, 2009 WI App 42, ¶20, 317 Wis. 2d 460, 767 N.W.2d 272. Instead, in order for Misiaszek to name an expert witness, he needed leave to amend the scheduling order, an issue governed by WIS. STAT. § 802.10(3).

were limited to a complaint that Misiaszek's counsel "want[ed] to do this on the cheap…. You don't want to hire an expert and prepare your case accordingly, that's your problem." From the record before us, we cannot conclude that the circuit court considered the relevant facts or the proper standard of law. The circuit court did not apply the standards set forth in ***Schneller***. The court's brief record of its concern does not reflect that it weighed Misiaszek's interest in fully presenting his case against any prejudice to the Defendants. By not addressing the issue in its written order, we are left with a very brief record that does not show consideration of the relevant facts or the proper standard of law. *See **Loy***, 107 Wis. 2d at 415. Accordingly, we conclude the circuit court erroneously exercised its discretion when it denied Misiaszek leave to amend the scheduling order.

¶27 Further, because denying the motion to amend the scheduling order resulted in the dismissal of the action, we further review this decision under the standard for dismissal as a sanction. The circuit court has inherent and statutory authority to sanction parties for failing to comply with a scheduling order. *See* WIS. STAT. § 802.10(3), (7); ***Johnson v. Allis Chalmers Corp.***, 162 Wis. 2d 261, 273-74, 470 N.W.2d 859 (1991), *overruled on other grounds by **Industrial Roofing Servs., Inc. v. Marquardt***, 2007 WI 19, 299 Wis. 2d 81, 726 N.W.2d 898. The "circuit court's decision to dismiss an action is discretionary," and we will sustain it unless the court has erroneously exercised its discretion. ***Johnson***, 162 Wis. 2d at 273.

> "[B]ecause of the harshness of the sanction, a dismissal under this section should be considered appropriate only in cases of egregious conduct by a claimant." Our case law establishes that dismissal is improper, *i.e.* not "just," unless bad faith or egregious conduct can be shown on the part of the non-complying party.

*Id.* at 275 (citation omitted). Dismissal "is a particularly harsh sanction" and it is "appropriate only in limited circumstances." ***Industrial Roofing Servs., Inc.***, 299 Wis. 2d 81, ¶42.

¶28 Here, the circuit court did not make a record that supports a reasonable basis to sanction Misiaszek with dismissal of this action. Although the determination of egregious and bad faith conduct is an exercise of the circuit court's discretion, previous decisions are illustrative. In ***Schneller***, the plaintiff failed to name a liability expert witness and the circuit court refused to grant the untimely motion to amend because "of the dilatory behavior of the Schnellers' original counsel, the prejudice to St. Mary's caused by the ten year gap since the alleged negligent acts had occurred, and the interference with the orderly administration of justice that is caused when parties fail to comply with scheduling orders." ***Id.***, 162 Wis. 2d at 304. Our supreme court upheld the circuit court decision. ***Id.*** at 317. In ***Johnson***, our supreme court concluded dismissal as a sanction was not erroneous because of the plaintiff's "egregious noncompliance with court orders for which there was no clear and justifiable excuse." ***Id.***, 162 Wis. 2d at 277. This court has considered "extreme, substantial and persistent" periods of inactivity in administering a probate estate egregious. ***Theis v. Short***, 2010 WI App 108, ¶13, 328 Wis. 2d 162, 789 N.W.2d 585. There, the periods of inactivity consisted of "seven months before" a deposition; "fourteen months before there were further discussions regarding depositions"; four months before there were further depositions; and "ten months before [the personal representative] contacted the court to request a status conference." ***Id.*** Our supreme court concluded that a plaintiff acted in bad faith when it did not produce requested critical evidence "eighteen months after defendants had first informally requested production," and two weeks after the deadline, counsel stated that the

16

evidence "was missing and had never been in plaintiff's possession." *Furrenes v. Ford Motor Co.*, 79 Wis. 2d 260, 264, 255 N.W.2d 511 (1977).

¶29 In contrast, Misiaszek moved the court for leave to name an independent expert witness and his motion was filed after the deadline in the scheduling order. The record does not reflect extended delays in prosecution or discovery or bad faith conduct.[7] Further, the circuit court did not set forth in the record its reasoning to sanction Misiaszek with dismissal. Our supreme court sustained a circuit court's exercise of discretion to sanction a plaintiff for violating the scheduling order by excluding expert witnesses who were untimely disclosed in *260 North 12th Street, LLC v. DOT*, 2011 WI 103, ¶63, 338 Wis. 2d 34, 808 N.W.2d 372. There, the circuit court issued a "24-page decision … carefully considering the facts of record" including that the plaintiff never sought leave to add any witnesses. *Id.*, ¶64. "The court then exhaustively balanced any perceived prejudices that could result from its decision." *Id.* In contrast, here, the court did not adequately explain how it reached its decision and the record does not reflect that the court considered the relevant facts or the proper standard of law, including the balancing required by *Schneller* or a finding of egregious and bad faith conduct as set forth in *Johnson*. Therefore, we conclude that the circuit court erroneously exercised its discretion when it denied Misiaszek leave to amend the scheduling order, as well as the resultant sanction of dismissal. *See Loy*, 107 Wis.

---

[7] The scheduling order was signed on September 5, 2019, and set a deadline of November 8, 2019, for Misiaszek to name expert witnesses. Misiaszek filed his witness list on October 30, 2019. The Defendants moved for summary judgment in February 2020. In response, also in February 2020, Misiaszek opposed summary judgment and requested the court's leave to amend the scheduling order in the event that expert witness testimony were required and Misiaszek did not qualify as an expert witness. This was approximately three months after the deadline, and made concurrently when it advanced applying the doctrine of res ipsa loquitur.

2d at 415. On remand, the circuit court is directed to conduct a hearing on Misiaszek's motion to amend the scheduling order applying the proper standards.

## CONCLUSION

¶30 We conclude that summary judgment was inappropriately granted to the Defendants because the doctrine of res ipsa loquitur is applicable to defeat the defendants' motions for summary judgment. Therefore, we reverse and remand for further proceedings consistent with this decision. Further, we remand the issue of the introduction of expert testimony to the circuit court. Finally, we conclude that the circuit court erroneously exercised its discretion when it denied Misiaszek leave to amend the scheduling order to name an independent expert witness because the record does not reflect that the court considered relevant facts, the proper standard of law, or a reasonable basis to refuse to amend the scheduling order and sanction Misiaszek with dismissal. Thus, we remand for the court to properly address Misiaszek's motion to amend the scheduling order to allow him to name an expert.

*By the Court.*—Order reversed and cause remanded with directions.

Not recommended for publication in the official reports.