COURT OF APPEALS
DECISION
DATED AND FILED

September 12, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1456**

STATE OF WISCONSIN

Cir. Ct. No. 2020CVC2132

IN COURT OF APPEALS
DISTRICT IV

LaSHONNE K. THOMAS,

    PLAINTIFF-APPELLANT,

ALEX AZAR, SECRETARY OF THE U.S. DEPARTMENT OF
HEALTH & HUMAN SERVICES, AND WEST BEND MUTUAL
INSURANCE COMPANY,

    INVOLUNTARY-PLAINTIFFS,

  V.

GEICO CASUALTY COMPANY,

    DEFENDANT,

NATIONAL INTERSTATE INSURANCE COMPANY,

    DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: RYAN D. NILSESTUEN, Judge. *Reversed.*

Before Kloppenburg, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  LaShonne Thomas appeals an order that dismissed her complaint due to failure to prosecute.  We conclude that the dismissal violated her right to due process because she did not receive adequate notice of the action that she must take to avoid dismissal for failure to prosecute.  Therefore, we reverse.

¶2      Thomas initiated this case by filing a complaint seeking payment on uninsured motorist coverage issued by defendant National Interstate Insurance Company.  In June 2022, the circuit court stayed the proceedings in this case.  The court did so because Thomas was separately seeking payment through a worker's compensation claim and, due to a reducing clause in National Interstate's policy, if she were awarded the full amount she sought in that claim, her recovery would "exceed the policy limit and National will have no liability."  The stay order did not set a time limit on the stay or otherwise require any action by any party in response to future events.

¶3      On February 13, 2023, the circuit court issued a notice of hearing placing this case on the dismissal calendar for March 14, 2023.  The notice stated that the case would be dismissed unless there was an objection in writing or by appearance on that date.  In response to the notice, Thomas filed a letter asking for a scheduling conference to set a trial date.  However, before that conference could be held, National Interstate filed a motion to dismiss for failure to prosecute under WIS. STAT. § 805.03.  The motion alleged that, during the months since the stay order, Thomas had not responded to several inquiries from its counsel and from

court staff as to the status of her worker's compensation claim. This led to an exchange of affidavits and briefs, and the court held a hearing in June 2023 at which it granted the motion to dismiss. Thomas appeals.

¶4 Thomas argues, among other things, that the dismissal violated her right to due process because she did not receive adequate notice. This is a question of law that we decide de novo. *Theis v. Short*, 2010 WI App 108, ¶6, 328 Wis. 2d 162, 789 N.W.2d 585. For reasons we now explain, we conclude that Thomas did not receive notice that can be considered adequate under controlling case law.[1]

¶5 Analysis of this issue requires attention to the substance of the notice that the party must receive before a dismissal for failure to prosecute is consistent with due process. The core of the due process problem is that "failure to prosecute" is an undefined term, and a dilatory plaintiff must be given a more specific standard that the plaintiff is expected to satisfy to avoid dismissal for failure to prosecute. It is not enough that the plaintiff be aware of the possibility of dismissal; instead, for reasons we next discuss, there must be notice of what the plaintiff must do to avoid dismissal for failure to prosecute, and the plaintiff must be given an opportunity to take that action. Thomas relies on two cases that explain and apply this concept. Both were reversals of dismissals for failure to prosecute.

---

[1] Thomas also argues that the circuit court erroneously exercised its discretion in dismissing for failure to prosecute. We need not address Thomas's argument on this point because we conclude that her due process argument is dispositive.

¶6      The first case is ***Rupert v. Home Mut. Ins. Co.***, 138 Wis. 2d 1, 405 N.W.2d 661 (Ct. App. 1987).  In that case, the dismissal process started, as here, with the circuit court issuing a notice of intent to dismiss and scheduling a hearing date to show cause. ***Id.*** at 5.  The court then dismissed the case at that hearing for failure to prosecute. ***Id.*** at 6.  On appeal, we reviewed case law holding that, because WIS. STAT. § 805.03 fails to provide a definite time frame for pursuing an action, a party must have notice of the conduct that is required to diligently prosecute an action. ***Id.*** at 7-8.  We concluded that this notice requirement was not satisfied by the holding of a hearing because that hearing "required Rupert to excuse his violation of an unknown standard of conduct.  Such a hearing falls short of affording due process." ***Id.*** at 9.

¶7      The second case is ***Theis***.  There, the circuit court dismissed for failure to prosecute in response to the defendant's motion, and after a hearing. ***Theis***, 328 Wis. 2d 162, ¶5.  On appeal, we stated that "more than just notice of a motion to dismiss for failure to prosecute and a hearing are required to provide due process." ***Id.***, ¶16.  We reversed the dismissal because the plaintiff had no notice *before* the motion to dismiss that her conduct might result in dismissal. ***Id.***, ¶23.  Our analysis was based on ***Rupert***, which we described as standing for the proposition that the court's notice of intent to dismiss and a hearing were inadequate because the hearing only gave Rupert the chance to meet an unknown standard, and "did not give him an opportunity to meet the standard." ***Id.***, ¶24.

¶8      In sum, we read these cases as requiring that, before dismissing a case for failure to prosecute, a circuit court must provide notice of the specific action that the court determines is necessary to avoid dismissal, so that the plaintiff has an opportunity to conform the plaintiff's conduct to a known standard.  That notice was not provided in this case.  As described above, the circuit court placed

the case on the dismissal calendar, National Interstate moved to dismiss, and the court held a hearing on that motion that resulted in dismissal. However, these are the same types of notice that were held to be insufficient to satisfy due process in *Rupert* and *Theis*.

¶9 On appeal, respondent National Interstate does not appear to dispute this reading of *Rupert* and *Theis*. And, at no point does it assert that some form of notice was given that would satisfy those cases. Indeed, National Interstate acknowledges that the circuit court did not give Thomas a deadline to take specific action, and that Thomas "may not have known exactly what needed to be done to avoid dismissal."

¶10 National Interstate instead argues that the absence of such notice is not dispositive in this case because, in its view, Thomas did not take action of any kind to move the worker's compensation case forward after being made aware of the possibility of dismissal. We reject this argument because National Interstate provides no case law to support the proposition that, for notice purposes, it matters what the dismissed party did or did not do before receiving adequate notice. We see no sign in *Rupert* or *Theis* that the party's conduct in response to the events that were asserted to be adequate notice was a factor in determining whether notice was, indeed, constitutionally adequate.

¶11 In addition, National Interstate faults Thomas for failing to "ask for guidance." However, again we see no indication in case law that a burden was on the dismissed party to take affirmative steps to seek a definite standard from the court before dismissal.

¶12 We recognize that, to the extent that the potential for dismissal based on Thomas's failure to prosecute is revisited after this case is remitted to the

circuit court, it may require careful consideration to describe the specific form of action that Thomas must take to avoid dismissal, due to the relationship between the worker's compensation case and this case. However, while the obligation appears ultimately to be on the circuit court to provide the necessary notice, we see no reason why the court would be prevented from seeking input from the parties as to the substance of that notice.

*By the Court.*—Order reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.